UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ESTATE OF BETTY LOU McDERMED, Deceased by and and through DIANE L. McDERMED, ADMINISTRATOR, as her Representative, et al., | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Case No.   14-cv-2430-CM-TJJ |
| FORD MOTOR COMPANY, | ) ) ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ford Motor Company's Motion to Strike the Supplemental Attachments to Plaintiffs' Expert Report (ECF No. 53). Defendant requests that the Court enter an order striking as untimely the supplemental attachments to the report of Plaintiffs' expert, David P. McLellan ("McLellan"), which were served on June 26, 2015. Defendant further seeks an order preventing Plaintiffs or McLellan from using any of these previously undisclosed supplemental attachments during McLellan's deposition or at trial. For the reasons set forth below, the motion is denied.

### I.     **Factual Background and Procedural History**

This product liability case asserts claims that Betty McDermed passed away from injuries sustained in a motor vehicle accident, involving a vehicle manufactured by Defendant that was defective. Plaintiffs allege that the front-seat, passenger side three-point lap/shoulder belt retractor

or latch either failed to lock or locked late, which resulted in Ms. McDermed being propelled forward violently and striking the inflating airbag.

The following somewhat lengthy recitation of the procedural history is warranted to make clear the basis for the Court's ruling.

The original Scheduling Order (ECF No. 21) entered in this case set a March 2, 2015 deadline for Plaintiffs to serve their expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts. On March 2, 2015, Plaintiffs served upon Defendant their designation of expert witness McLellan, along with McLellan's Expert Report and the following Attachments A–I:

> A. Police Accident Report (6-page document).
> B. Aerial View of the Accident Intersection (1 picture).
> C. 40 mph Speed Limit (1 picture).
> D. Collision Damage to the 1999 Ford Contour, a, b and c (3 pictures).
> E. Air bags deployed in the Ford Contour (1 picture).
> F. Front Seat Belt System, Manufacture's Label (1 picture).
> G. Betty McDermed's Death Certificate (2-page document).
> H. Resume of David R. McLellan (6-page document).
> I. Study of Increased Injuries and Death due to Air Bags (2-page document with hyperlink).

Plaintiffs also filed a Certificate of Compliance, certifying that on March 2, 2015 they served upon counsel for Defendant their:

> [D]esignation of expert witness with report with Attachments A–I, all of David R. McLellan, B.S.M.E., M.S.M., retained by them, in accordance with the Scheduling Order (Doc. 21) and Fed. R. Civ. 26(2)(B); designation of certain expert witnesses by identification of Betty Lou McDermed, Deceased's treating physicians and her autopsy or report of cause of death

2

in accordance with Fed. R. Civ. 26(2)(A).[1]

Plaintiffs further stated in their Certificate of Compliance they "reserve[ed] the right to designate additional expert witnesses and to modify, supplement and/or withdraw these designations to the extent required after the depositions to the extent required after the deposition of Defendant's expert witnesses."[2]

On April 15, 2015, the parties filed a Joint Motion to Extend Expert Witness Deadlines (ECF No. 31) requesting modification of three of the four deadlines pertaining to expert witnesses, namely Defendant's deadline for designating its expert and producing the expert's report, as well as both parties' respective deadlines for producing their experts for deposition. Notably, the motion did not request an extension of Plaintiffs' already-expired deadline to serve their expert disclosures or reports. Rather the motion stated that Plaintiffs had timely disclosed and produced their expert reports, but their expert was in need of additional documents and information from Defendant before he could form his final opinion. The Court thereafter entered an Order (ECF No. 32) granting the parties' joint motion thereby extending Defendant's deadline to serve its expert disclosures and the deadlines for both parties to produce their respective experts for deposition.

On June 11, 2015, Plaintiffs' counsel emailed Defendant's counsel the "final Report of David R. McLellan dated June 11, 2015."[3] Plaintiffs' counsel stated he was "providing [the

---

[1] Pls.' Certificate of Compliance, ECF No. 28.

[2] *Id.*

[3] June 11, 2015 email, Ex. B to Pls.' Resp., ECF No. 55-3.

expert's] cover page to the final report as notice that we will provide [the expert's] additional supportive material to you on Monday, June 22, 2015."[4]

Also, on June 11, 2015, Plaintiffs filed what is labeled as a "Supplemental Certificate of Compliance," certifying that they served their designation of expert McLellan and his supplemental report, as amended, on June 11, 2015.[5] Plaintiffs further gave notice that the supplemental appendix to McLellan's report would be "seasonably provided on or before June 22, 2015" to include additional airbag photographs supplied to Plaintiffs' counsel and a source bibliography of abstracts in support of the expert'ss stated opinions.[6] Plaintiffs also filed a second certification designating Shawn Lynn Parcells ("Parcells") as a second expert and gave notice to Defendant's counsel that Parcell's expert report would be served on or before June 22, 2015.[7]

Defendant did not file an objection to the June 11, 2015 report or to Plaintiffs' Supplemental Certificate of Compliance. Subsequently, on June 22, 2015, the parties filed a Joint Motion to Extend Discovery Deadlines (ECF No. 41). In the motion, they requested extensions of all the case deadlines, including a belated request to extend Plaintiffs' March 2, 2015 expert disclosures and reports deadline.

The Court held a telephone status/scheduling conference the following day, June 23, regarding the parties' extension motion. During the conference, it became clear that Plaintiffs had

---

[4] *Id.*

[5] Pls.' Certificate of Compliance, ECF No. 39.

[6] *Id.*

[7] Pls.' Certificate of Compliance/Designation of Expert Witness Parcells, ECF No. 40.

served their June 11, 2015 expert designations and had represented that they would serve additional supportive expert materials and another expert designation and report on June 22, 2015, all without formal objection by Defendant. Even so, the Court declined to grant an extension of Plaintiffs' March 2, 2015 deadline to designate experts and admonished counsel that requests for extensions of deadlines must be made before expiration of the deadlines. The Court issued an Amended Scheduling Order (ECF No. 43) on June 24, 2015, granting in part and denying in part the motion to extend case deadlines. In its Order, the Court specifically stated: "Plaintiff's expert disclosures deadline has expired. No further expert designations or disclosures will be allowed after the date of this Scheduling Order."

Notwithstanding the Court's Amended Scheduling Order, Plaintiffs filed yet another "Certificate of Compliance" on June 26, 2015.[8] This time, the Certificate certified that on June 26, 2015, Plaintiffs served Defendant's counsel their expert's "Supplemental Attachments to the Report of [McLellan], dated June 11, 2015, in accordance with the Scheduling Order."[9] The supplemental attachments were served via an email from Plaintiffs' counsel with a Dropbox link to the attachments.   Page 2 of McLellan's expert report supplemented with attachments on June 26, 2015 describes Attachments A–N as follows:

>     A. Police Accident Report.
>     B. a. Aerial View of the Accident Intersection.
>        b. Accident Intersection from the Direction of the Toyota Camry.
>     C. 40 mph Speed limit and Left Turn Yield on Green signs.

---

[8] Pls.' Certificate of Compliance, ECF No. 44.

[9] *Id.*

    D. Collision Damage to the 1999 Ford Contour, a, b and c.
    E. a. Air bags deployed in the Ford Contour.
       b. re-inflation of passenger airbag showing extent of coverage
    F. Front Seat Belt System, Manufacture's label.
    G. Betty McDermed's Death Certificate.
    H. Resume of David R. McLellan.
    I. NHTSA Examines Fatal Crash Factors.
    J. Fatalities in Fatal Crashes Despite Seat Belts and Airbags.
    K. Study of Increased Injuries and Death due to Air Bags.
    L. Patterns of Abdominal Injury in Frontal Automotive Crashes.
    M. Abdominal Injury in Motor Vehicle Crashes.
    N. Development of a Reusable, Rate Sensitive abdomen for the Hybrid Ill
Family of Dummies.

Defendant filed its Motion to Strike the Supplemental Attachments to Plaintiffs' Expert Report on July 15, 2015.

## II.     Request to Strike Plaintiffs' June 26, 2015 Supplemental Attachments to McLellan's Expert Report

Defendant requests that the Court strike—and preclude Plaintiffs from using at deposition or at trial—the June 26, 2015 supplemental attachments to Plaintiffs' expert report because the attachments were not timely served and were served after the Court expressly ordered that no further expert designations or disclosures by Plaintiffs would be allowed. A comparison of the McLellan expert report attachments served by Plaintiffs on March 2 and those served on June 26 reveals that six additional attachments were served on June 26. These six supplemental attachments are described as follows:

(1) Supplemental Attachment "E.b." – picture showing re-inflation of passenger airbag showing extent of coverage;

(2) Supplemental Attachment "I" – National Highway Traffic Safety Administration ("NHTSA") article titled "NHTSA Examines Fatal Crash Factors";

(3) Supplemental Attachment "J" – NHTSA article titled "Fatalities in Fatal Crashes Despite Seat Belts and Airbags";

(4) Supplemental Attachment "L" – abstract titled "Patterns of Abdominal Injury in Frontal Automotive Crashes";

(5) Supplemental Attachment "M" – University of Michigan publication titled "Abdominal Injury in Motor-Vehicle Crashes"; and

(6) Supplemental Attachment "N" – Society of Automotive Engineers ("SAE") technical paper titled "Development of a Reusable, Rate Sensitive abdomen for the Hybrid Ill Family of Dummies."

For ease of reference, the Court refers to the above supplemental attachments as Items (1) to (6). Plaintiffs argue that Defendant suffers no prejudice by the late disclosure of these "highly relevant" attachments, and the harsh result of striking them is not justified. Plaintiffs claim that the bulk of the material was either readily available to Defendant, was actually produced by Defendant's representatives, was timely produced, or provided to Defendant's counsel prior to June 11, 2015 in other formats. Plaintiffs argue that Item (1), the airbag re-inflation photograph, was timely provided to Defendant's counsel as one of a set of fifteen photographs that was timely disclosed or forwarded to Defendant's counsel on June 11, 2015. Plaintiffs next argue that Item (6) was specifically referenced by name in McLellan's June 11 final expert report and this technical paper was authored and published by a representative of Defendant's company. With respect to Items (2) through (5), Plaintiffs argue that these are learned treatises relied upon as sources of

7

common knowledge within the automotive industry, originating from the NHTSA publications website.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. It provides, in relevant part, that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[10] Depending upon the nature of the witness, a party may also need to disclose additional specific information. Pursuant to Rule 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the case," disclosure must be accompanied by a written report that must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) *any exhibits that will be used to summarize or support them*;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.[11]

These expert disclosures must be made "at the times and in the sequence that the court orders."[12]

In this case, five[13] of the attachments referenced in McLellan's June 11, 2015 Expert Report "Supplemented with Attachments June 26, 2015" were first served on Defendant on June

---

[10] Fed. R. Civ. P. 26(a)(2)(A).

[11] Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) (emphasis added).

[12] Fed. R. Civ. P. 26(a)(2)(D).

26, 2015. This was more than three months after Plaintiffs' original March 2, 2015 Scheduling Order deadline to serve their required Rule 26(a)(2) expert disclosures. It was also four days after Plaintiffs advised Defendant—and certified in their filing with the Court—that they would supply the additional items, and two days after the date after which the Court explicitly warned that no additional expert designations or reports by Plaintiffs would be allowed. Plaintiffs did not move to extend this deadline prior to its expiration or even in the parties' joint April 15 motion to extend the other expert witness deadlines. Two days after the Court entered its order denying that part of the parties' joint June 22 motion requesting an extension of Plaintiffs' expert disclosures and report deadline, Plaintiffs served their supplemental expert attachments, without seeking reconsideration of the Court's order denying the extension. The Court thus finds the six supplemental attachments were not served by Plaintiffs' March 2 deadline set by the Court and are therefore untimely.

As Plaintiffs failed to serve their expert's supplemental attachments by the Scheduling Order deadline and that deadline was not extended, the Court must determine whether the six disputed supplemental attachments are otherwise allowed under Rule 26(e) as supplemental disclosures. The Federal Rules of Civil Procedure "contemplate periodic supplementation, providing for both an update of the information contained in the report and the information provided through deposition of the expert testimony."[14] Rule 26(e)(1)(A) requires a party to

---

[13] Plaintiffs allege that they previously produced Item (1) in a batch of other photographs on June 11, 2015.

[14] *Holt v. Wesley Med. Ctr.*, No. 00-1318-JTM, 2006 WL 5556006, at *1 (D. Kan. Jan. 25, 2006) (citing Fed. R. Civ. P. 26(e)(1); *Majewski v. Southland Corp.*, 170 F.R.D. 25, 26 (D. Kan. 1996)). *See also* Fed. R. Civ. P. 26(a)(2)(E) ("The parties must supplement these disclosures when required under Rule 26(e).").

supplement its expert's written report and deposition testimony when the prior information is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[15] "Specifically, that means a supplemental report may correct inaccuracies or fill in the blanks of an incomplete report based on information that was not available at the time of the original report."[16] A lack of diligence in pursuing information potentially available at the time of the original report does not constitute the information was unavailable.[17]

Plaintiffs do not argue that the six supplemental attachments they served late were not available at the time they served McLellan's expert report on March 2, 2015. Nor have Plaintiffs made any showing that these supplemental attachments—comprised primarily of articles, studies, and other publications—were not available on June 11 when Plaintiffs served McLellan's "final" expert report. In fact, it appears likely these items were available March 2 and/or June 11, 2015. An incomplete or preliminary report does not comply with Rule 26(a)(2).[18] The Court therefore does not consider the supplemental attachments to be proper supplements under Rule 26(a)(2)(E) and 26(e).

---

[15] Fed. R. Civ. P. 26(e)(1)(A).

[16] *Spirit Aerosystems, Inc. v. SPS Techs., LLC*, No. 09-CV-1144-EFM-KGG, 2013 WL 6196314, at *6 (D. Kan. Nov. 27, 2013).

[17] *Id.*

[18] *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *3 (D. Kan. Nov. 6, 2013).

The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), is that the noncompliant party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified *or* is harmless."[19]  The determination of whether a Rule 26(a) violation is justified or harmless is "entrusted to the broad discretion of the district court."[20]  While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[21] The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm.[22]

Plaintiffs have the burden to demonstrate that their failure to provide information required by Rule 26(a) was substantially justified or harmless. In this case, Plaintiffs made no attempt whatsoever to show that their failure to timely serve all the attachments relied upon by their expert witness McLellan by the Scheduling Order deadline was substantially justified. There is simply no justification for Plaintiffs' failure in this case to comply with the Court's deadlines or to timely

---

[19] Fed. R. Civ. P. 37(c)(1) (emphasis added).

[20] *Paliwoda*, 2014 WL 3925508, at *5.

[21] *Id. See also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[22] *Paliwoda*, 2014 WL 3925508, at *5.

seek an extension. After failing to serve all of their expert's supplemental attachments by the March 2 Scheduling Order deadline and not seeking an extension of that deadline, Plaintiffs further failed to meet their self-imposed June 22, 2015 deadline. Only then did the parties file a Joint Motion to Extend Discovery Deadlines (ECF No. 41). For the first time, in this motion the parties requested an extension of the expired March 2, 2015 deadline for Plaintiffs' designation and disclosure of expert, along with several other case deadlines.

At the June 23, 2015 status/scheduling conference, the Court did not extend Plaintiffs' deadline to designate experts and admonished counsel that requests for extension of case deadlines must be made before the deadline expires. In the corresponding June 24, 2015 Amended Scheduling Order, the Court specifically stated that the deadline for Plaintiffs to disclose experts had expired and further stated, "No further expert designations or disclosures will be allowed after the date of this Scheduling Order." In defiance of applicable rules and this Court's orders, Plaintiffs persisted in making expert designations and disclosures after the deadline without seeking leave of Court, and while mischaracterizing filings regarding them as "Certificates of Compliance," as if to bless them. The Court finds Plaintiffs' defiance willful and not substantially justified.

The Court then turns to whether Plaintiffs have demonstrated that the delay is harmless. The Court considers Plaintiffs' arguments with respect to the specific attachments at issue. Plaintiffs argue that Item (1), the airbag re-inflation photograph, should not be stricken because it was timely provided to Defendant's counsel as one of a set of fifteen photographs that was disclosed or forwarded to Defendant's counsel on June 11, 2015. Defendant does not refute that

Plaintiffs produced this photograph on June 11, nor did Defendant object to it as untimely served at that time. As this attachment was previously produced and is merely a photograph of the airbag reinflated, the Court declines to strike Item (1).

Plaintiffs next argue that Item (6), the technical paper titled "Development of a Reusable, Rate Sensitive abdomen for the Hybrid Ill Family of Dummies" was specifically referenced by name in McLellan's final expert report, and was authored and published by a representative of Defendant's company. Plaintiffs have persuaded the Court that the motion to strike should be denied as to this supplemental attachment. As Plaintiffs point out, McLellan expressly refers to this paper by name in his expert report filed on June 11, 2015, and Defendant did not object. Plaintiffs also contend, and Defendant has not disputed, that that this attachment was authored and published by a representative of Defendant's company. Because this item was identified in the June 11 report and its representative authored and published this study, Defendant cannot claim surprise and will not be prejudiced by this supplemental attachment. The Court declines to strike Item (6).

With respect to the remaining four attachments—Items (2) to (5), Plaintiffs argue that these are learned treatises relied upon as sources of common knowledge within the automotive industry, originating from the NHTSA publications website. It is hard to believe Defendant was surprised by these supplemental attachments, and Defendant has made no such claim or argument. Furthermore, Defendant was aware on June 11, 2015 that Plaintiffs intended to "seasonably provide" additional airbag photographs and source bibliography of abstracts in support of McLellan's stated opinions. And the delay should not impact Defendant's ability to obtain its own

13

expert since the September 25, 2015 deadline for Defendant to serve its expert designations and required disclosures has not expired. Moreover, the discovery deadline has not yet expired and trial in the case is set a year away. The Court finds the Defendant is not prejudiced by Plaintiffs' failure to timely serve these supplemental attachments by the Scheduling Order deadline. Defendant's motion to strike Items (2) through (5) is therefore denied.

It should be clear from the rulings herein that the Court does not condone the untimely and lackluster approach of Plaintiffs' counsel in serving their expert reports and required Rule 26(a)(2)(B) disclosures.   Nonetheless, the Court finds that allowing supplemental attachments of this nature at this stage in the case will not be prejudicial to Defendant. The Court notes Plaintiffs served the McLellan expert report on June 11, 2015 without written objection by Defendant, and the parties jointly requested an extension of Plaintiffs' expert deadline on June 22.   Plaintiffs' service of the supplemental attachments at issue four days later is harmless to Defendant.

**IT IS THEREFORE ORDERED THAT** Defendant Ford Motor Company's Motion to Strike the Supplemental Attachments to Plaintiffs' Expert Report (ECF No. 53) is DENIED.

IT IS SO ORDERED.

Dated September 3, 2015, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
