UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ESTATE OF BETTY LOU                   )
McDERMED, Deceased by and             )
and through DIANE L. McDERMED,        )
ADMINISTRATOR, as her                 )
Representative, et al.,                )
                                      )
                    Plaintiffs,        )
                                      )
v.                                    )        Case No. 14-cv-2430-CM-TJJ
                                      )
FORD MOTOR COMPANY,                   )
                                      )
                    Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Preserve and Compel Answers and Production of Documents Pertaining to Non-Litigated Claims (ECF No. 93) (hereinafter "Plaintiffs' Motion to Compel"). Plaintiffs request an order compelling Defendant to produce discovery regarding Defendant's "non-litigated claims." For the reasons discussed below, the motion is denied.

## I.      Background and Nature of the Dispute

During the December 11, 2015 Status Conference in this case, Plaintiffs raised the issue of Defendant's May 2015 responses to discovery requests seeking documents and information regarding Defendant's "non-litigated claims." Defendant indicated that it supplemented its response and produced some responsive documents on December 1, 2015. However, Plaintiffs expressed concern that additional responsive documents might exist that still had not been

produced. The Court instructed counsel to confer and, if the matter was not resolved, Plaintiffs

could file a motion to compel any non-litigated claims discovery still in dispute, on or before

December 31, 2015.[1]

On December 31, 2015, Plaintiffs filed their Motion to Compel. Plaintiffs move for an

order:

> requiring the Defendant to either answer Plaintiffs' First Interrogatory No.
> 4 and for Production of Documents to include oral examination of the
> Defendant's Corporate Representative pertaining to the issue of
> Defendant's knowledge of prior complaints of occupant injuries for product
> failure as may be relevant to the Plaintiffs' claims as to causation of injury
> alleged in the instant lawsuit.[2]

Plaintiffs refer to this as the "issue above" or the "issue noted" throughout their Motion.

Plaintiffs do not quote or attach Interrogatory No. 4 or Defendant's answer to the Interrogatory. In

their prayer, Plaintiffs request an order "preserving the issue noted and requiring the Defendant to

fully answer and disclose, or to produce for further oral examination, all of the materials

above-identified and described in a reasonable and timely manner." The Motion to Compel does

not identify any specific materials, documents, or categories of documents as the subject of the

Motion.

---

[1] *See* Order Memorializing Rulings From December 11, 2015 Status Conference ¶ 3, ECF No. 90. Plaintiffs' D. Kan. Rule 37.1(b) deadline for filing a motion to compel originally expired 30 days after Defendant's responses to the subject discovery request were served in May 2015. However, because Defendant served supplemental disclosures on December 1, 2015, the Court allowed Plaintiffs until December 31, 2015 to file any motion to compel and stressed this would be an absolute deadline with no extensions granted.

[2] ECF No. 93.

In its Response,[3] Defendant argues that Plaintiffs' Motion to Compel is deficient in that it is entirely unclear as to what discovery responses Plaintiffs claim to be deficient or the relief that Plaintiffs seek. Defendant also argues that Plaintiffs' Motion is untimely under D. Kan. Rule 37.1(b) and does not comply with D. Kan. Rule 7.1(a) in that Plaintiffs fail to provide a brief or memorandum citing any legal authority in support of their position. Defendant argues that it "has conferred in good faith and has actually agreed to produce *more* information than Plaintiffs requested."[4] Defendant identifies a number of steps and activities it agreed to take in response to Plaintiffs' disputed discovery requests, namely:

> (1) manually review Ford's lawsuit files, to locate, and produce if existing and maintained in such files, copies of Complaints or First Notices, photographs from experts or police agencies, accident/police reports, expert disclosures, expert reports, and depositions of plaintiffs, eyewitnesses and/or experts;

> (2) manually review Ford's open closed claim files for the non-litigated claims listed on the lists produced to Plaintiffs in this case to locate, and produce if existing and maintained in such files, copies of First Notices, photographs from claimant or police agencies, and accident/police reports; and

> (3) conduct searches in areas of the Company reasonably expected to contain additional non-privileged information sought about 18 customer contacts identified by Plaintiffs' counsel.[5]

---

[3] At the January 12, 2016 Final Pretrial Conference, the Court set a January 18, 2016 deadline for the parties to file a stipulation that the issues in Plaintiffs' Motion to Compel had been resolved and the Motion could be withdrawn. It alternatively extended Defendant's deadline for filing its response to January 18, 2016. *See* Minute Entry and Order (ECF No. 95). January 18, 2016 being a federal holiday, Defendant filed its Response (ECF No. 97) on January 19, 2016.

[4] ECF No. 97 at 2.

[5] *Id.* at 2–3.

3

Finally, Defendant argues that Plaintiff's request to depose a second corporate representative to authenticate the receipt of certain customer contacts is unduly burdensome. The only reason Plaintiffs' counsel specifically identified for deposing a corporate representative is to authenticate receipt of the customer contacts that Defendant has produced, or will produce, to Plaintiffs.   Defendant indicates it has agreed to "review particular documents relating to customer contacts identified by [Plaintiffs] in an effort to authenticate the documents and thereby obviate the need for any corporate representative" deposition. Defendant claims that Plaintiffs' counsel already agreed to this resolution and it is inherently less burdensome on the parties. Defendant asks the Court to find this issue has been resolved by the parties and deny the motion subject to the parties' agreements.

Plaintiffs did not file a reply in support of their Motion to Compel by their February 2, 2016 deadline. On February 26, 2016, Plaintiffs did file a four-page "Renewed Motion to Preserve and Compel Answers and Production of Documents Pertaining to Non-litigated Claims and List of Lawsuits" (ECF No. 115) (hereinafter "Plaintiffs' Renewed Motion to Compel"). Attached to this motion is the Affidavit of Plaintiffs' counsel, which states that Plaintiffs' Renewed Motion to Compel is being filed after receiving additional information produced by Defendant on February 3, 2016. On March 9, 2016, Defendant filed a Motion to Strike Plaintiffs' Renewed Motion to Compel (ECF No. 124).

On March 11, 2016, the Court held a telephone status conference to obtain additional information from counsel regarding Plaintiffs' Motion to Compel and other pending discovery-related motions. Plaintiffs' counsel admitted during the conference that neither

4

Interrogatory No. 4 nor Defendant's answer to it was attached to the motion. Plaintiffs' counsel also clarified during the conference that the request for production of documents referenced in Plaintiffs' Motion to Compel was included with their November 5, 2015 Notice to Take Deposition Duces Tecum of Defendant's corporate representative, but that no specific request for production was attached to or referenced in the motion. Defendant's counsel confirmed during the conference that Defendant had completed the activities it agreed to perform as described in its response quoted above and, to the extent anything was found, produced it. Counsel for Plaintiffs agreed that Defendant had provided information but disagreed that Defendant produced all that it should.

## II.      Plaintiffs' *Renewed* Motion to Compel

As an initial matter, the Court finds Plaintiffs' Renewed Motion to Compel, filed on February 26, 2016, is seeking to compel Defendant to produce answers and production of documents pertaining to non-ligated claims, which is the same as the discovery sought in Plaintiffs' original Motion to Compel. The Renewed Motion to Compel, however, also appears to be seeking an order compelling further production from Defendant, presumably after Defendant's production of materials it agreed to produce in response to Plaintiffs' original Motion to Compel. The Court finds Plaintiffs' Renewed Motion to Compel is untimely under the Court's Order Memorializing Rulings from December 11, 2015 Status Conference (ECF No. 90), which set an absolute deadline of December 31, 2015[6] for Plaintiffs to file their motion to compel . Plaintiffs'

---

[6] The Court stressed this absolute deadline, noting that no extensions would be granted, both during the December 11, 2015 conference and in the subsequent Order memorializing rulings from the

February 26, 2016 Renewed Motion to Compel is therefore long out of time for filing a motion to compel with respect to Defendant's non-litigated claims discovery.

The Court is mindful that the Affidavit of Plaintiffs' counsel attached to Plaintiffs' Renewed Motion attempts to justify the belated filing, noting that Defendant produced a database with certain non-litigated claims information and its current list of specified lawsuits on February 3, 2016—the day after Plaintiffs' reply was due. But, the proper course would have been for Plaintiffs to file a motion for leave to file a reply out of time[7] referencing Defendant's production after Plaintiffs' reply deadline, which Plaintiffs did not do. Regardless of whether Plaintiffs' Renewed Motion is treated as a motion or instead as a reply to Plaintiffs' Motion to Compel, it was untimely and improperly filed without leave of court.[8] Accordingly, the Court grants Defendant's motion to strike Plaintiffs' Renewed Motion to Compel.

## III.    Plaintiffs' Motion to Compel

The Court thus proceeds to address Plaintiffs' original Motion to Compel, timely filed on December 31, 2015. Plaintiffs' Motion to Compel is denied for multiple reasons. The Motion fails to comply with D. Kan. Rule 37.1(a) in that Plaintiffs did not quote or attach a copy of Interrogatory No. 4 or of any other discovery request that is in dispute. D. Kan. Rule 37.1(a)

---

conference (ECF No. 90) ("[T]his is an absolute deadline; no extensions will be granted.").

[7] The Court previously admonished counsel during a telephone conference in this case regarding the necessity of filing a motion for additional time *prior to* the expiration of the deadline for which any extension is sought.

[8] The Court notes that Plaintiffs' Renewed Motion to Compel suffers from the same material deficiencies as Plaintiffs' Motion to Compel discussed below.

requires motions to compel directed at interrogatories and requests for production, among other discovery, to be accompanied by "portions of the interrogatories, requests, or responses in dispute." Because Plaintiffs failed to attach Interrogatory No. 4 or Defendant's answer, the Court is unable to determine what that interrogatory was asking, how Defendant responded, or what objections, if any, Defendant lodged to it. While Plaintiffs' motion and the few exhibits thereto contain references to Interrogatory No. 4, these vague references alone are insufficient to constitute compliance with D. Kan. Rule 37.1(a). The same is true regarding Plaintiffs vague references to their request for production of documents.[9]

Plaintiffs' Motion to Compel also fails to comply with D. Kan. Rule 7.1 in that it is not accompanied by a brief or memorandum in support. Plaintiffs' three-page Motion to Compel cannot pass muster as a "brief," as it does not include a single citation to legal authority or any substantive legal argument. The Court, as noted above, is unable to ascertain from Plaintiffs' vague Motion what specific information was requested in the interrogatory and request for production at issue and what information was allegedly not provided by Defendant in response. Plaintiffs' failures to comply with D. Kan. Rule 37.1(a) and D. Kan. Rule 7.1 are not mere technical deficiencies. There are important reasons for these rules—to ensure that the Court can adequately and properly address the issues raised, and to allow the opposing party a fair opportunity to respond to the issues raised. Plaintiffs' Motion to Compel is not a model of clarity. The mere fact that Plaintiffs' motion seeks to compel certain information that Defendant may not

---

[9] Plaintiffs did email a copy of their Notice to Take Deposition Duces Tecum of Defendant's corporate representative after the March 11, 2016 telephone status conference, but again there is no indication regarding which particular requests are in dispute .

have provided does nothing to establish that such information was the subject of a prior discovery request to which Defendant failed to properly respond or object.

Even were the Court inclined to look beyond these deficiencies in Plaintiffs' Motion to Compel, the Court finds that the additional searches and activities Defendant agreed to perform and did perform regarding its non-litigated claims—along with the information and documents produced as a result of those searches and activities—are adequate. Stated another way, Plaintiffs' broad, very vague requests for additional discovery are unduly burdensome. Indeed, Defendant claims Plaintiffs' counsel agreed Defendant's additional efforts would suffice.[10] While Plaintiffs argue in their motion that Defendant's should do more, Plaintiffs acknowledged at the March 11, 2016 conference that Defendant produced information from the activities and searches it agreed to perform. Defendant has persuaded the Court that it has operated in good faith and perhaps provided even more than what was required by Plaintiffs' discovery requests. On the other hand, Plaintiffs fail to articulate any cogent basis or reasons for compelling Defendant to produce further information or documentation. The Court will not order any further discovery responses from Defendant regarding non-litigated claims at this late stage of the case, three months after the December 15, 2015 discovery cutoff.

With respect to Plaintiffs' request to depose Defendant's corporate representative for the purpose of authenticating documents, the Court notes that Defendant has represented that it has

---

[10] ECF No. 97 at 3 ("During [the January 18, 2016] conference, Plaintiffs' counsel agreed that all issues addressed in Ford's Letter were resolved, with the exception of the desire of Plaintiffs' counsel to reserve the right to seek a deposition of a Ford corporate representative 'to establish receipt of notice of the customer contacts.'").

agreed to review documents identified by Plaintiffs' counsel to authenticate them and thus avoid the need for a deposition, and that Plaintiffs' counsel agreed to this resolution. Accordingly, the Court agrees with Defendant that it would be unduly burdensome to require them to produce another corporate representative of Defendant for deposition for authentication purposes.

Finally, Plaintiffs appear to be asking the Court to order Defendant to produce corporate representative Ram Krishnaswami for a second deposition. According to Plaintiffs, when Mr. Krishnaswami was previously deposed on December 4, 2015, his counsel instructed him not to answer questions concerning material provided to Plaintiffs' counsel on December 1, 2015. Defendant argues that if Plaintiffs are permitted to take a deposition of its corporate representative, the Court should hold its decision in abeyance until Plaintiffs have provided a deposition notice listing the topics and documents and giving it an opportunity to object.

Rule 30(a)(2) requires a party to obtain leave of court if the deponent has already been deposed in the case and the parties have not stipulated to the deposition. Because Mr. Krishnaswami has already been deposed, Plaintiffs must obtain leave to depose him again. All Plaintiffs have offered in support of their request is the allegation that Mr. Krishnaswami's counsel instructed him not to answer questions at his previous deposition pertaining to the material provided to Plaintiffs' counsel on December 1, 2015. Plaintiffs do not identify any specific documents about which they would like to depose Mr. Krishnaswami.

The Court will allow Plaintiffs a brief opportunity to file a motion for leave to depose Mr. Krishnaswami a second time. Plaintiffs shall attach to the motion their proposed notice to take deposition, which shall explicitly state the specific topic(s) and attach all documents produced on

December 1, 2015 or subsequently that Plaintiffs intend to take up at the deposition. No questioning regarding documents produced *prior* to December 1, 2015 will be permitted at this second deposition. Any such motion shall not exceed three pages and must be filed by **March 25, 2016.** To expedite consideration of the motion, Defendant's response to any such motion will be due **seven days after the motion is filed** and no reply will be allowed. Once again, these are absolute deadlines. No extensions will be granted, and no motion or response filed after its deadline will be considered.

**IV.     Expenses Under Fed. R. Civ. P. 37(a)(5)(B)**

Finally, the Court considers whether an award of expenses incurred by Defendant in opposing Plaintiffs' Motion to Compel is appropriate. Under Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied:

> the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

In this case, the Court finds that, although Plaintiffs' Motion to Compel is being denied, other circumstances make any award of expenses unjust. After hearing the nature of the parties' dispute at the December 11, 2015 Status Conference, the Court set a deadline for Plaintiffs to file their motion. Defendant also has not requested any award of expenses against Plaintiffs. Accordingly, under Rule 37(a)(5)(B), the Court must not order the payment of Defendant's reasonable expenses incurred in opposing Plaintiffs' Motion to Compel.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Preserve and Compel Answers and Production of Documents Pertaining to Non-Litigated Claims (ECF No. 93) is DENIED. Plaintiffs, however, may file a motion for leave to depose Mr. Krishnaswami a second time in strict accordance with the requirements set out herein. Any such motion must be filed by **March 25, 2016.** To expedite consideration of the motion, Defendant's response to any such motion will be due **seven days after the motion is filed** and no reply will be allowed.

**IT IS FURTHER ORDERED THAT** Ford Motor Company's Motion to Strike Plaintiffs' Renewed Motion to Preserve and Compel Answers and Production of Documents Pertaining to Non-Litigated Claims and List of Lawsuits (ECF No. 124) is GRANTED.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses incurred in connection with filing or responding to these motions.

IT IS SO ORDERED.

Dated March 17, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

11