UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ESTATE OF BETTY LOU McDERMED, Deceased by and and through DIANE L. McDERMED, ADMINISTRATOR, as her Representative, et al., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 14-cv-2430-CM-TJJ |
| FORD MOTOR COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave of Court to Take the Rule 30(b)(6) Deposition of Defendant Ford Motor Company's Designated Corporate Representative (ECF No. 140). Plaintiffs request leave to take the Rule 30(b)(6) deposition duces tecum of Defendant's designated corporate representative "on the limited relevant issues pertaining to Defendant's knowledge and response to previous litigation and consumer complaints of occupant injury due to similar product failure as may be relevant to the Plaintiffs' claims as to causation of injury as alleged in the instant lawsuit." Defendant objects to the deposition notice on the grounds that it fails to explicitly state the deposition topics as required by the Court's March 17, 2016 Memorandum and Order and Fed. R. Civ. P. 30(b)(6), is unduly burdensome, and seeks irrelevant discovery.

Plaintiffs previously filed a Motion to Preserve and Compel Answers and Production of

Documents Pertaining to Non-Litigated Claims.[1] In that motion, Plaintiffs requested, *inter alia*, that the Court order Defendant to produce its corporate representative Ram Krishnaswami (or another corporate representative) for a second deposition. In ruling on that motion, the Court granted Plaintiffs the following narrowly tailored relief:

> The Court will allow Plaintiffs a brief opportunity to file a motion for leave to depose Mr. Krishnaswami a second time. Plaintiffs shall attach to the motion their proposed notice to take deposition, *which shall explicitly state the specific topic(s) and attach all documents produced on December 1, 2015 or subsequently that Plaintiffs intend to take up at the deposition. No questioning regarding documents produced prior to December 1, 2015 will be permitted at this second deposition.*[2]

The Order was limited temporally in this fashion, because the basis for Plaintiffs' requested relief was that Defendant produced documents to Plaintiffs on December 1, 2015 but instructed Krishnaswami not to answer questions pertaining to them.[3] The Order was intended to limit the scope of the second deposition to the additional documents produced by Defendant on or after December 1, 2015, hence the prohibition on questioning regarding documents produced prior

---

[1] ECF No. 93.

[2] Mar. 17, 2016 Mem. & Order ("Order"), ECF No. 133 at 10 (emphasis added).

[3] Plaintiffs argued in their motion to compel that "[o]n December 4, 2015 at the time of the taking of the oral deposition of . . . Krishnaswami [he] was instructed by his Counsel not to answer questioning concerning the (issue above) pertaining to the material provided to Plaintiffs' Counsel on December 1, 2015." (ECF No. 93 at 2). Specifically, during the Krishnaswami deposition, Defendant maintained and Plaintiffs acknowledged that the following topic was not one of the four topics that had been noticed for the deposition: "All relevant or discoverable matters concerning the subject matter in the … lawsuit alleging occupant injury alleged to be proximately caused by either the design and/or product failure to its 1999 Ford Contour automobile front passenger seat either to the active (belting) and/or the passive (air bag) systems." *See* Krishnaswami Dep. 186:2–188:1, ECF No. 140-1.

to December 1, 2015.[4]  There was no provision in the Order allowing Plaintiffs to request that additional documents be produced by Defendant's corporate representative at any second deposition.

Despite the provisions of the Order, Plaintiffs' proposed Notice To Take Depostion Duces Tecum (the "Proposed Notice") (a) fails to explicitly state the specific topic(s) of the requested deposition; (b) fails to attach all documents produced December 1, 2015 or subsequently that Plaintiffs intend to take up at the deposition; and (c) *does* request that additional documents be produced by Defendant at the deposition.

Rather than explicitly state the specific topic(s) for the deposition, Plaintiffs' Proposed Notice purports to give notice that Plaintiffs will depose Defendant's corporate spokesperson concerning:

> [A]ll relevant or discoverable matters concerning the subject matter in the above-captioned lawsuit alleging occupant injury alleged to be proximately caused by the either the design and/or product failure to its 1999 Ford Contour automobile front driver and passenger seat either to the active (belting) and/or the passive (air bag) systems, and to include but not limited to: the subject matter of a listing of all lawsuits and non-litigated claims received by Ford's Office of General Counsel, customer contacts, and detail sheets received by FCSD and input into Ford's GCQIS database which may pertain to deployment of a front airbag in 1999-2000 Ford Contour/Mercury Mystique vehicles on or before December 1, 2014; and as supplemented by Defendant's Counsel in further document production on the above subject matter provided to Plaintiffs' Counsel on December 1, 2015, February 3, 2016 and February 16, 2016 in Response to Plaintiffs' Interrogatory 4 and Notice to Take Deposition Duces Tecum Nos. 1(d) and 1(e).  Further, the said Corporate Representative designated by Ford to be presented on its behalf for the purpose of

---

[4] The Krishnaswami deposition proceeded on other topics, on December 4, 2015, for six and one half hours.

3

> submitting his or her self for the taking an oral deposition under oath at said place and time below-described pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure is requested to bring to his or her deposition all requested documents contained in the attached Exhibit "A" which are, or may be relevant or discoverable subject to Rule 26(b) of the Federal Rules of Civil Procedure pertaining to the above topics or subject matter. In so designating said Corporate Representative/ Spokesperson Ford represents that he or she is knowledgeable as its authorized spokesperson concerning all of the above-described topics for which examination under oath is requested to provide.[5]

Defendant argues that Plaintiffs' Proposed Notice "provides no intelligible description of the topics to be addressed, and certainly does not provide any explicit or specific topics which would permit [Defendant] to identify an appropriate representative or even to discern what topics are identified."[6] The Court agrees. The above-quoted language is convoluted, unclear, overly broad, and does not explicitly identify specific topics for the deposition. The Court therefore finds that Plaintiffs' Proposed Notice fails to state with reasonable particularity the matters for examination at the requested deposition, as required by Fed. R. Civ. P. 30(b)(6) and the Court's Order.

The deficiencies in the Proposed Notice are further compounded by Plaintiffs' failure, with one minimal exception, to attach to it (or to Plaintiffs' Motion) documents produced by Defendant on or after December 1, 2015 that Plaintiffs intend to take up at the deposition. Instead, Plaintiffs attached only three exhibits to their Motion and none to the Proposed Notice other than the Proposed Notice's Exhibit "A," which  requested documents to be produced by Defendant's

---

[5] Proposed Notice, ECF No. 140-3 at 2.

[6] Def.'s Resp., ECF No. 144 at 13.

corporate representative at the deposition.

Exhibit A to Plaintiffs' Motion[7] consists of pages 186–197 of the first Krishnaswami deposition and The Center for Auto Safety Complaint of Walter Scott (the "Scott Complaint"). The Scott Complaint was previously included as Attachment A to Plaintiffs' Second Set of Interrogatories to Defendant, *which Plaintiffs served on Defendant on June 1, 2015*.[8] Because the Scott Complaint was initially produced by Defendant *before* December 1, 2015, any questioning regarding this document was precluded by the Court's Order.

Exhibit B to Plaintiffs' Motion[9] is the Affidavit of Gayla S. Riley, executed on March 23, 2016. Attached to the Affidavit are two letters and a newspaper article that Ms. Riley's Affidavit indicates she sent to Defendant. The Affidavit was not produced by Defendant, rather Plaintiffs state they secured the Affidavit from Ms. Riley. Defendant acknowledges that it produced the two letters attached to the Riley Affidavit ("Riley Letters"). However, Defendant contends they are not relevant because the Riley incident involved an alleged airbag failure to deploy, whereas Plaintiffs allege in this case that the deployment of the airbag at issue caused decedent's injuries.[10]

Exhibit C to Plaintiffs' Motion[11] is the Proposed Notice, which includes an Exhibit "A" document requests. There are no documents attached to Plaintiffs' Proposed Notice. The Court

---

[7] ECF No. 140-1

[8] ECF No. 144-1 at 17.

[9] ECF No. 140-2.

[10] Def.'s Resp., ECF No. 144 at 11.

[11] ECF No. 140-3.

finds that, with the exception of the two Riley Letters attached to their Motion, Plaintiffs failed to attach any documents produced on December 1, 2015 or subsequently that Plaintiffs intend to take up at the deposition. As to the two Riley Letters, the Court agrees that their relevance to this case is highly questionable, as noted by Defendant. In any event, the Court finds that it would be unduly burdensome to require Defendant to produce Krishnaswami or another corporate representative merely for purposes of inquiring about these two documents.

Finally, the Court finds that Plaintiffs' Proposed Notice improperly requests new discovery. The Proposed Notice (in its Exhibit "A") lists five categories of documents to be produced by Defendant's corporate representative. Plaintiffs' document requests encompass documents not only received by Defendant, but also those generated by Defendant, and to include documents not only notifying Defendant of potential claims involving collisions in which air bags deployed, but also of potential claims involving collisions in which air bags did not deploy.[12] The discovery deadline in this case passed on December 15, 2015.[13] The Court's Order did not permit Plaintiffs to serve new document requests. Indeed, Plaintiffs' attempt to do so is contrary to the clear intent of the Court's narrowly-crafted Order.

Plaintiffs' Motion and Proposed Notice do not comply with the Court's Order. Plaintiffs fail to explicitly state the specific topic(s) of the requested deposition. Plaintiffs fail to attach all documents produced December 1, 2015 or subsequently that they intend to take up at the deposition. Plaintiffs also improperly request new discovery in the Proposed Notice by requesting

---

[12] See ECF No. 144 at 11.

[13] *See* Pretrial Order, ECF No. 98 at 22.

additional categories of documents be produced by Defendant's corporate representative at the noticed deposition. Instead of requesting to depose Defendant's corporate representative on specific topics relating to specifically identified documents produced by Defendant on or after December 1, 2015, Plaintiffs are essentially attempting to reopen discovery on vague, broadly and poorly-defined topics well after the discovery deadline. This the Court will not allow. Plaintiffs Motion is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave of Court to Take the Rule 30(b)(6) Deposition of Defendant Ford Motor Company's Designated Corporate Representative (ECF No. 140) is DENIED, as set forth herein.

**IT IS FUTHER ORDERED THAT** each party shall bear its own costs related to the filing of the motion.

IT IS SO ORDERED.

Dated April 8, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

7