**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ESTATE OF BETTY LOU McDERMED,** ) <br> **Deceased, by and through DIANE L.** ) <br> **McDERMED, ADMINISTRATOR, as** ) <br> **her representative, and PAUL C.** ) <br> **McDERMED AND GEORGIA LEE** ) <br> **IOCCO, Individually,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v.                                         ) <br> ) <br> **FORD MOTOR COMPANY,** ) <br> **a Delaware Corporation,** ) <br> ) <br> **Defendant.** ) <br> _____) | CIVIL ACTION <br><br> No. 14-2430-CM |

## MEMORANDUM AND ORDER

This case arises from a vehicle collision that occurred on December 28, 2012 in Topeka, Kansas, between Emma Edwards, driving a 1999 Ford Contour, and Mykol Barksdale, driving a 1993 Toyota Camry. Decedent Betty McDermed ("the deceased") was in the front passenger seat of Edwards's Ford Contour. Plaintiffs bring this product liability action against Ford Motor Company, alleging strict liability based on an alleged design defect and failure to warn. The court takes up the following motions: (1) Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101); (2) Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102); (3) Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 111); and (4) Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude Testimony of Plaintiffs' Expert

Witness Mr. David McLellan (Doc. 112). The court will first take up plaintiffs' motions for leave to file out of time their responses to defendant's motions seeking to exclude plaintiffs' experts.

## I. Plaintiffs' Motions for Leave to File Out of Time

### A. Background

Defendant filed its Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102) (collectively, "defendant's motions to exclude plaintiffs' experts") on February 1, 2016. Under D. Kan. Rule 6.1(d)(1), plaintiffs' responses to defendant's motions to exclude plaintiffs' experts were due on February 15, 2016. On February 18, 2016, three days after plaintiffs' response deadline had passed, plaintiffs filed Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 111) and Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 112) (collectively, plaintiffs' "motions for leave to file responses to defendant's *Daubert* motions out of time").

Both motions for leave to file responses to defendant's *Daubert* motions out of time explained that plaintiffs' counsel filed the request after the response deadline passed because plaintiffs' counsel miscalculated the response deadlines by mistakenly applying the version of Fed. R. Civ. P. 6(d) that was effective in 2005. (*See* Doc. 111 at 1; Doc. 112 at 1.) Both motions for leave to file responses to defendant's *Daubert* motions out of time also requested extensions of the respective response deadlines up to March 14, 2016 because plaintiffs' counsel needed more time to review recently provided discovery that plaintiffs' counsel believed was pertinent to plaintiffs' claims. (Doc. 111 at 2; Doc. 112 at 2.) In Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's

Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells, plaintiffs also stated that plaintiffs' expert Mr. Parcells had been unable to review the discovery until that point because he was recovering from complications from surgery.  (Doc. 111 at 2.)

Defendant opposes plaintiffs' motions and asks the court to grant defendant's underlying motions as unopposed because of plaintiffs' failure to show excusable neglect in missing the deadline, particularly in light of plaintiffs' repeated failure to request extensions until after the deadlines passed and other late filings in this case and others.  Plaintiffs did not file replies to defendant's responses.  Plaintiffs ultimately filed their responses to defendant's motions to exclude plaintiffs' experts on March 14, 2016.  (*See* Docs. 130, 132.)  Defendant substantively replied to the motions.  (*See* Docs. 145, 147.)

### B.  Plaintiffs' Counsel's Additional Late Filings and Delays

Plaintiffs' counsel has established a pattern of missing deadlines in this case, as shown below.

March 2, 2015 was the original deadline for plaintiffs to serve expert disclosures under Fed. R. Civ. P. 26(a)(2).  (Doc. 73 at 2.)  On that day, plaintiffs served a designation of their expert witness David McLellan, his expert report and attachments, and a "Certificate of Compliance."  (*Id.*)  On April 15, 2015, the parties filed a joint motion to extend the expert witness deadlines.  (*Id.* at 3.)  Specifically, the motion requested extending defendant's deadline for designating its expert and producing the expert's report, and both parties' respective deadlines for producing their experts for deposition.  (*Id.*)  The motion, however, did not request an extension of plaintiffs' already expired deadline to serve their expert disclosures or report.  (*Id.* at 3.)  Judge James granted the joint motion.  (*See* Doc. 32.)

On June 11, 2015, plaintiffs' counsel emailed to defendant's counsel the "'final report of David R. McLellan dated June 11, 2015.'"  (Doc. 73 at 3 (quoting Doc. 55-3).)  Plaintiffs' counsel

represented that he was "providing the expert's cover page to the final report as notice that we will provide the expert's additional supportive material to you on Monday, June 22, 2015." (*Id.* (quoting Doc. 55-3).) Plaintiffs' counsel also filed a "Supplemental Certificate of Compliance." (*Id.*)

On June 22, 2015, the parties filed a Joint Motion to Extend Discovery Deadlines (Doc. 41), which requested extensions of all case deadlines, including a late request to extend plaintiffs' March 2, 2015 expert disclosures and reports deadline. (Doc. 73 at 4.) On June 23, 2015, Judge James held a status and scheduling conference. (*Id.*) It became clear that plaintiffs had served their June 11, 2015 expert designations and represented that they would serve additional supportive expert materials and another expert designation and report on June 22, 2015 without formal objection by defendant. (*Id.* at 4–5.) Nonetheless, the court declined to grant an extension of plaintiffs' March 2, 2015 deadline to designate experts and "admonished counsel that requests for extensions of deadlines must be made before expiration of the deadlines." (*Id.* at 5.)

On June 24, 2015, Judge James issued an amended scheduling order, granting in part the joint motion to extend case deadlines. The court stated, "Plaintiffs' expert disclosures deadline has expired. No further expert designations or disclosures will be allowed after the date of this scheduling order." Nonetheless, two days later on June 26, 2015, with no explanation to the court, plaintiffs' counsel filed supplemental attachments to plaintiffs' expert reports. (*See* Doc. 5.) On July 15, 2015, defendant filed a motion to strike the supplemental attachments. (Doc. 53.) On August 3, 2015, Judge James issued a memorandum and order denying defendant's motion to strike due to a lack of prejudice and because only four days passed after the requested extension. (*See generally* Doc. 73.)

On January 14, 2016, defendant filed Ford Motor Company's Motion to Strike Plaintiffs' Untimely Supplemental Rule 26 Disclosures (Doc. 96) ("defendant's motion to strike plaintiffs' untimely supplemental Rule 26 disclosures"). On February 2, 2016, in response to Doc. 96 and five

-4-

days past the response deadline, plaintiff filed Plaintiffs' Response to Defendant Ford Motor Company's Motion to Strike Plaintiffs' Untimely Supplemental Rule 26 Disclosures and Memorandum of Law in Opposition (Doc. 103). Plaintiffs did not request leave to file the response out of time, and the response did not address why it was late. (*See generally* Doc. 103.)

On February 23, 2016, plaintiffs filed Plaintiffs' Response to Defendant Ford Motor Company's (Second) Motion to Strike Plaintiffs' Response to Their Untimely Supplemental Rule 26 Di[s]closures and Memorandum of Law in Opposition (Doc. 114), purporting to respond to Doc. 108. Plaintiffs' brief did not actually address why they were late in filing a response to Doc. 108, however. Instead, the response argued the underlying merits of defendant's motion to strike plaintiffs' untimely supplemental Rule 26 disclosures (Doc. 96).

On March 23, 2016, Judge James denied Doc. 108 and Doc. 121 and considered Doc. 114 on its merits. Judge James allowed plaintiff to file the response (Doc. 103) out of time to consider the underlying motion (Doc. 96) on the merits. On April 1, 2016, Judge James issued an order granting in part and denying in part Doc. 96. (*See* Doc. 143.)

Defendant points to other cases in which plaintiffs' counsel has missed response and other important case deadlines while practicing in this court. (*See* Doc. 119 (citing *McDermed v. Hill*, No. 09-2004-KMH, 2010 WL 3862032 (D. Kan. Sept. 27, 2010) and *Bell v. City of Topeka, Kans.*, No. 06-4026-JAR, 2007 WL 628188 (D. Kan. Feb. 26, 2007).)

### C. Analysis

Under D. Kan. Rule 6.1(d):

Unless the court orders otherwise, the following time periods apply to the filing of responses and replies. These time periods include the additional 3-day period allowed under Fed. R. Civ. P. 6(d) and, therefore, apply regardless of the method of service.

> (1) *Non-dispositive motions.* Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary

> judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days. Replies must be filed and served within 14 days of the service of the response.

Defendant's motions to exclude the testimony of plaintiffs' expert witnesses are non-dispositive; therefore, plaintiffs' responses were due 14 days after defendant filed the motions—on February 15, 2016. Plaintiffs filed the motions extensions of time on February 18, 2016, three days after the deadline had already expired.

> Under D. Kan. Rule 6.1(a):
>
> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
>
>> (1) whether there has been prior consultation with other parties and the views of other parties;
>> (2) the date when the act was first due;
>> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
>> (4) the cause for the requested extension.
>
> **Parties must file the motion *before* the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.**

*Id.* (emphasis added). Therefore, before allowing plaintiffs to file their response to defendant's motions out of time, the court must find plaintiffs' counsel's neglect excusable.

Excusable neglect is a "somewhat elastic concept," and it is not limited strictly to omissions caused by circumstances beyond the movant's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. In determining whether neglect is excusable, the court should consider "all relevant circumstances surrounding the party's omission," including these four specific factors:

> (1) the danger of prejudice to the opposing party;

  (2) the length of the delay and its potential impact on judicial proceedings;

  (3) the reason for the delay, including whether it was within the reasonable control of the movant; and

  (4) whether the movant acted in good faith.

*Id.* at 394–95.  Most important in determining whether neglect is excusable is the movant's fault in the delay.  *Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).  Further, a court "may take into account whether the mistake was a single unintentional incident," as opposed to a pattern of deliberate dilatoriness and delay, and "whether the attorney attempted to correct his action promptly after discovering the mistake." *Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

### 1. Danger to the Opposing Party

In applying the first factor above—danger of prejudice to the opposing party—neither party offers a position on whether defendant suffered prejudice from plaintiffs' untimely request for an extension of time to respond or plaintiffs' ultimate late responses to defendant's motions.  There does not appear to be any evidence of prejudice to defendant if the court were to allow plaintiffs to file a response out of time, particularly because defendant already replied substantively to plaintiffs' late filed responses.  Therefore, the danger of prejudice to defendant is low.

### 2. The Length of the Delay and Its Potential Impact on Judicial Proceedings

In applying the second factor above—the length of delay and its potential impact on judicial proceedings—while this was only a three-day delay, the cumulative effect of plaintiffs' delays in this case weighs against a finding that plaintiffs' neglect is excusable.  Plaintiffs' delays have prompted extensive briefing by defendant on several occasions, at one time even prompting a motion to strike a late response to a motion to strike an untimely filing.  As discussed above, beginning as far back as

April 2015, plaintiffs' counsel has regularly missed deadlines and submitted filings and other papers out of time without seeking leave.  These actions have wasted judicial resources, and plaintiffs' counsel's history does not lead the court to believe plaintiffs' counsel will change his ways.

### 3. The Reason for the Delay

In applying the third factor—the reason for the delay—which is the most important reason the court analyzes, plaintiffs' counsel states that he applied the 2005 version of Fed. R. Civ. P. 6, which, he states, led to the miscalculation.[1]  Specifically, plaintiffs' counsel states that the motion was "[un]timely pursuant to Fed. R. Civ. P. 6 and D. Kan. Rule 6 due to their Counsel's misapplication of the timing rules by incorrectly applying the former three (3) day rule authorized by former Fed. R. Civ. P. 6 (2005 Amendment) to the calculation for which the instant Motion here filed on February 18, 2016 would have otherwise been timely[.]"  (Doc. 111 at 1.)  The court is not persuaded (1) that this is the actual reason for the miscalculation or (2) that the miscalculation supports a finding of excusable neglect.

Whether plaintiffs' counsel applied the 2005 or 2016 version of Fed. R. Civ. P. 6, assuming plaintiffs' counsel applied D. Kan. R. 6.1(d) (which governs specific calculations for motion response and reply deadlines), plaintiffs' counsel should have realized that the response deadlines for the motions to exclude plaintiffs' experts was February 15, 2016.  District of Kansas Rule 6.1(d) specifically states that "[t]hese time periods include the additional three-day period allowed under Fed. R. Civ. P. 6(e) and, therefore, apply regardless of the method of service."  Review and application of the 2005 version of the District of Kansas local rules leads to the same result.  Therefore, under the 2005 or 2016 versions of Fed. R. Civ. P. 6 and D. Kan. R. 6.1, or any combination thereof, plaintiffs'

---

[1] Plaintiff also provided reasons to support a finding of good cause for granting the motion for an extension of time beyond the date of the late filing, such as voluminous discovery and Mr. McLellan's recent surgery, but these issues do not factor into the court's analysis of whether plaintiffs' counsel's neglect in filing out of time was excusable.

counsel should have reached the conclusion that the response deadline was February 15, 2016, *not* February 18, 2016.  In any event, miscalculation of deadlines does not support a finding of excusable neglect.  *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").  Therefore, plaintiffs' counsel's proffered reason for the delay weighs very heavily against a finding of excusable neglect.

### 4.  Whether the Movant Acted in Good Faith

In applying the fourth factor, the court looks to whether plaintiffs' counsel makes his request for leave to file out of time in good faith.  This factor also weighs against plaintiffs.  Plaintiffs' counsel has shown a pattern of missing deadlines and allowing them to pass in this case and others, even after court admonishment.  As noted above, the reasoning behind plaintiffs' counsel's miscalculation does not makes sense.  Further, even assuming plaintiffs' counsel's mistake truly was inadvertent, plaintiffs' counsel was on express notice of his mistake by at least February 16, 2016.  On February 16, 2016, defendant filed Doc. 108, its motion to strike plaintiffs' untimely response (Doc. 103) to defendant's motion to strike plaintiffs' untimely supplemental response (Doc. 96).  Although plaintiffs' counsel is always charged with knowledge of the local rules, defendant's briefing expressly put plaintiffs' counsel on notice that D. Kan. Rule 6.1(d) mandated a response to a non-dispositive motion within 14 days, irrespective of application of the three-day rule.  (Doc. 108 at 1.)  Nonetheless, plaintiffs' counsel still waited an additional two days before filing plaintiffs' motion for leave to file plaintiffs' responses out of time.  These actions, particularly in combination, are indicative of bad faith, which weighs heavily against a finding of excusable neglect.

Generally the court prefers to rule on the merits of motions before it.  Here, however, after weighing the four factors above, the court finds that plaintiffs have failed to show that their counsel's neglect in filing their motions to file out of time was excusable.  Therefore, the court denies Plaintiffs'

Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 111) and Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 112). The court will not consider plaintiffs' untimely responses (Docs. 130 and 132) to defendant's motions to exclude plaintiffs' experts.

## II.   Defendant's Motions to Exclude the Testimony of Plaintiffs' Experts

The court next turns to the underlying motions: Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102).

In Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101), defendant argues that Mr. Parcells is not qualified to offer an opinion as to the medical cause of the deceased's injuries and subsequent death.  (*Id.* at 3.)  Defendant also argues that Mr. Parcells's opinions are unreliable and not supported by valid scientific principles. (*Id.* at 4.)  Therefore, defendant asks the court to exclude Mr. Parcells from offering any testimony at trial.  (*Id.* at 1.)

In Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102), defendant requests that the court exclude Mr. McLellan from offering any testimony at trial.  (*Id.* at 1.)  Defendant argues that Mr. McLellan is not qualified to offer medical or biomechanical opinions, and the court should prevent him from offering any opinions at trial that the deceased's injuries were (1) caused by the deploying airbag, (2) that the deceased's injury patterns are consistent with contact with the deploying airbag, and (3) any other medical or biomechanical opinion.  (Doc. 102 at 7.)  Defendant also argues that Mr. McLellan is not qualified to

offer any opinions regarding the design or performance of the airbags in the subject vehicle. (*Id.*) Defendant argues that Mr. McLellan does not have the requisite experience, training, or education to qualify him to testify generally about airbags and sensing systems. (*Id.*) Finally, defendant argues that Mr. McLellan's opinions regarding defects in the subject vehicle's passenger seat belt restraint are unreliable. (*Id.* at 10.) Defendant argues that they should be excluded because (1) there is too great of an analytical gap between the data and the offered opinion, and (2) the tests he used in making his conclusion were unreliable. (*Id.* at 11–19.) Defendant argues that the court should grant defendant's motions to exclude plaintiffs' experts' testimony as unopposed under D. Kan. Rule 7.4.

> Under D. Kan. Rule 7.4,
>
> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.

As discussed above, plaintiffs' counsel failed to show that his neglect in timely responding to defendant's motions was excusable. Therefore, plaintiffs have waived their right to file responsive briefs, and the court considers defendants' motions as unopposed. Considering defendant's motions to exclude the expert testimony of plaintiffs' experts unopposed, the court grants Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 111) and Plaintiffs' Motion for Leave for Additional Time to Respond to

Defendant Ford's Motion to Exclude Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 112) are denied.

**IT IS FURTHER ORDERED** that Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102) are granted.

Dated this 3rd day of August, 2016 at Kansas City, Kansas.

                    s/ Carlos Murguia_____
                    **CARLOS MURGUIA**
                    **United States District Judge**