**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ESTATE OF BETTY LOU McDERMED,** )<br>**Deceased, by and through DIANE L.** )<br>**McDERMED, ADMINISTRATOR, as** )<br>**her representative, and PAUL C.** )<br>**McDERMED AND GEORGIA LEE** )<br>**IOCCO, Individually,** )<br>    )<br>    **Plaintiffs,** )<br>    )<br>**v.** )<br>    )<br>**FORD MOTOR COMPANY,** )<br>**a Delaware Corporation,** )<br>    )<br>    **Defendant.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 14-2430-CM** |

**MEMORANDUM AND ORDER**

This case arises from a vehicle collision that occurred on December 28, 2012 in Topeka, Kansas, between Emma Edwards, driving a 1999 Ford Contour, and Mykol Barksdale, driving a 1993 Toyota Camry. Decedent Betty McDermed ("the decedent") was in the front passenger seat of Edwards's Ford Contour. Plaintiffs bring this product liability action against Ford Motor Company alleging strict liability based on an alleged design defect and failure to warn. Defendant Ford Motor Company's Motion for Summary Judgment (Doc 99) is before the court.

**I. Legal Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" factual dispute requires more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  In making the summary judgment determination, the court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  However, the nonmoving party may not rest on the pleadings but must set forth specific facts.  *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 252.

## II. Facts

The following facts are undisputed or construed in the light most favorable to plaintiffs.

The subject vehicle complied with all applicable Federal Motor Vehicle Safety Standards.

Emma Edwards, the owner and driver of the subject vehicle at the time of the accident, admitted during her deposition that she only looked at the Owner's Manual once, in order to change the time on the vehicle's clock.  Mrs. Edwards could not recall looking at any other parts of the Owner's Manual prior to the accident.  Mrs. Edwards testified that the decedent never asked Mrs. Edwards to look at the Owner's Manual and would never have had the opportunity or a reason to review the Owner's Manual.

Plaintiffs retained two expert witnesses in this matter:  Mr. Shawn Parcells, who was to offer opinions regarding the decedent's injuries, and Mr. David McLellan, who was to offer opinions regarding alleged defects in the subject vehicle.  The court, however, granted Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr.

David McLellan (Doc. 102). As such, the court has excluded Mr. Parcells and Mr. McLellan from offering expert opinions at trial in this case, and the court does not consider those experts' opinions in deciding this motion.[1] Plaintiffs have not identified other experts in this case.

### III.     Analysis

Plaintiffs have alleged two theories of recovery in the final pretrial order: (1) strict liability based on an alleged design defect and (2) strict liability failure to warn. (Doc. 98 ¶ 4.a.) Plaintiffs seek pecuniary, non-pecuniary, and punitive damages. Plaintiffs argue that the following conditions in the subject vehicle created dangerous conditions for occupants in the front passenger seat of the subject vehicle:

(1) The design of the seatbelt retractor resulted in a dangerous unsafe intermittent "freewheeling or free-reeling condition" which could allow the passenger's body to become unrestrained during an accident;

(2) The airbag sensors were not designed to ensure earliest possible airbag deployment to protect the passenger's body from exposure to the inflating airbag;

(3) Defendant should have used a "one-way clutch mechanism" to prevent the seat belt from free-reeling; and

(4) The shape of the passenger airbag could result in the airbag striking the abdomen of the passenger during an accident.

---

[1] In light of the court's decision granting Ford Motor Company's Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102), the proffered testimony contained in Mr. McLellan's affidavit attached as Exhibit G to plaintiffs' response is not admissible. Therefore, the court does not consider the affidavit in determining whether plaintiffs sufficiently dispute defendant's facts.

(Doc. 132 at 5.)  Specific to plaintiffs' failure to warn claim, plaintiffs also state that defendant should have included a warning in the Owner's Manual warning of the potential of the freewheeling or free-reeling condition of the front passenger seatbelt.

Defendant argues that all of plaintiffs' claims fail as a matter of law.  First, defendant argues that both of plaintiffs' claims fail because plaintiffs present no evidence that a defect in the product actually caused the decedent's injuries and subsequent death.  (Doc. 100 at 6–7.)  Second, defendant argues that plaintiffs' strict liability defective design claim fails because (1) plaintiffs cannot establish that the alleged defective condition in the subject vehicle caused the decedent's injuries and subsequent death and (2) plaintiffs cannot show that the subject vehicle was defective.  (*Id.* at 10–14.)  Third, defendant argues that plaintiffs' strict liability failure to warn claims fail because (1) plaintiffs cannot establish that an alleged failure to include a warning in the Owner's Manual proximately caused the decedent's injuries or subsequent death; (2) plaintiffs' post-sale warnings claim fails as a matter of law because Kansas does not recognize a post-sale duty to warn under a strict liability theory; and (3) plaintiffs have not presented any evidence that defendant had actual or constructive knowledge of the alleged defect.  (*Id.* at 14–18.)  Finally, defendant argues that plaintiffs' punitive damages claim fails because (1) plaintiffs' underlying tort claims fail, and (2) plaintiffs have not presented evidence that defendant acted willfully or wantonly toward the decedent.  (*Id.* at 18–19.)

A product is considered defective under Kansas law if: (1) a flaw is present in the product at the time it is sold; (2) the producer or assembler of the product fails to adequately warn of a risk or hazard related to the way the product was designed; or (3) the product, although perfectly manufactured, contains a defect that makes it unsafe.  *See Delaney v. Deere & Co.*, 999 P.2d 930, 934, 936 (Kan. 2000).  So, a product is in a defective condition if it has a defect in manufacturing, warning, or design,

and such defect existed at the time the product left the manufacturer's or seller's hands. *See* PIK 4th Civ. 128.17.

To succeed on their defective product claim, plaintiffs must prove (1) that the decedent's injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left defendant's control. *Samarah v. Danek Med., Inc.*, 70 F. Supp. 2d 1196, 1202 (D. Kan. 1999) (quoting *Jenkins v. Amchem Prods., Inc.*, 886 P.2d 869, 886 (Kan. 1994)). Regarding the second element, Kansas courts require that a product be both "defective and unreasonably dangerous." *See id.* "Generalized assertions regarding a product's alleged defective nature are insufficient; instead, Kansas law requires plaintiff to establish the existence of a *specific* defect to prevail on a defective product claim." *Id.* (citing *Jenkins*, 886 P.2d at 889).

Under Kansas law, a product, while perfectly manufactured, may "still be rendered unreasonably dangerous through failure to warn of its dangerous characteristics." *McCroy v. Coastal Mart, Inc.*, 207 F. Supp. 2d 1265, 1274 (D. Kan. 2002). Therefore, a product may be defective "if there is either a complete failure to warn of a particular risk or if the warnings given are insufficient." *Id.* (citing *Brand*, 978 F. Supp. at 1389.)

### A. Strict Liability Claims

In light of the court's excluding plaintiffs' experts, plaintiffs' strict liability claims fail as a matter of law because plaintiff cannot provide admissible evidence regarding the alleged defect or dangerous conditions and whether those alleged defects or dangerous conditions caused the decedent's injuries and death. The test for determining whether expert testimony is required under Kansas law is whether the subject matter is too complex to fall within the common knowledge of the jury and is "beyond the capability of a lay person to decide." *Hare v. Wendler*, 949 P.2d 1141, 1148 (Kan. 1997). Here, the court does not believe that the jury would be able to understand without expert testimony

"the nature of the standard of care required of defendant and the alleged deviation from the standard." *Ho v. Michelin N. Am., Inc.*, 520 F. App'x 658, 667 (10th Cir. 2013) (citing *Gaumer v. Rossville Truck & Tractor Co.*, 202 P.3d 81, 84 (Kan. 2009)).  The alleged design defects at issue, defective automobile seatbelt retractor and front passenger airbag design, are well outside of the common knowledge of the jury.  Furthermore, whether the evidence supports a finding that those alleged design defects or dangerous conditions caused the decedent's particular injuries and subsequent death are well outside of the common knowledge of the jury.  *See id.* at 668 (affirming district court's summary judgment regarding plaintiff's strict liability failure to warn claim because there was no evidence that the alleged dangerous condition was present in the incident at issue).  Without expert testimony regarding these issues, plaintiffs' strict liability claims fail.

Even if plaintiffs could provide evidence regarding the alleged defects at issue, plaintiffs' strict liability failure to warn claim fails for additional reasons.  Plaintiffs offer no evidence that defendant's failure to include a warning in the Owner's Manual caused the decedent's injuries or subsequent death.  With a strict liability failure to warn claim, a defendant's complete failure to include a warning creates a presumption in plaintiffs' favor that the warning was inadequate.  *See Vanderwerf v. SmithKlineBeecham Corp.*, 529 F. Supp. 2d 1294, 1309 (D. Kan. 2008).  If defendant "provides credible evidence to rebut the presumption, the presumption disappears and the burden shifts back to plaintiffs to affirmatively prove causation." *Id.*

Defendant provides evidence that a warning in the subject vehicle's Owner's Manual would not have prevented the decedent's injuries or subsequent death.  The driver of the vehicle, Mrs. Edwards, testified that she had only looked at the Owner's Manual once to change the time on the clock, and she did not recall looking at any other parts of the manual.  She also testified that the decedent had not asked to look at the Owner's Manual, and she never had the opportunity or a reason to review it.  This

evidence sufficiently rebuts plaintiffs' presumption of causation.  Plaintiffs fail to show any other evidence on this issue creating a genuine issue of material fact.

Furthermore, to the extent plaintiffs have pleaded a post-sale duty to warn claim, it fails as a matter of law.  It is well-established that a post-sale duty to warn under a strict liability theory is not recognized under Kansas law.  *See Patton v. Hutchinson Wil-Rich Mfg. Co.*, 861 P.2d 1299, 1310 (Kan. 1993) ("A negligence analysis is more appropriate than an application of strict liability in the post-sale context.").

### B.  Punitive Damages

Because plaintiffs' tort claims fail as a matter of law, plaintiffs' claim for punitive damages likewise fails.  *See Bisel v. Matco Tools*, 715 F. Supp. 316, 319–20 (D. Kan. 1989) (citing *Equitable Life Leasing Corp. v. Abbick*, 757 P.2d 304, 307 (Kan. 1988)).

**IT IS THEREFORE ORDERED** that Defendant Ford Motor Company's Motion for Summary Judgment (Doc. 99) is granted.

The case is closed.

Dated this 3rd day of August, 2016 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**