IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ESTATE OF BETTY LOU McDERMED,    )
Deceased, by and through DIANE L.    )
McDERMED, ADMINISTRATOR, as    )
her representative, and PAUL C.    )
McDERMED AND GEORGIA LEE    )
IOCCO, Individually,    )
                                                        )
                    Plaintiffs,    )
                                                        )
Vs.    )    Case No. 2:14-CV-2430
                                                        )
FORD MOTOR COMPANY,    )
a Delaware Corporation,    )
                                                        )
                    Defendant.    )


PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RULE
59(e)MOTION TO RECONSIDER, ALTER, AND AMEND THE COURT'S
ORDERS (DOCS. 169 and 170); JUDGEMENT (DOC. 172); AND THEIR RULE
59(a)(1)(A) and 60(b)(3) MOTION VACATING THE JUDGEMENT (DOC. 172)
GRANTING PLAINTIFFS A NEW TRIAL


        Plaintiffs respectfully request that this Honorable Court reconsider its decision of

August 3, 2016, holding that Plaintiffs' Motions (Docs. 111 and 112) for Leave Granting

Them Additional Time to Respond to Defendant's Daubert Motions (Docs. 101 and 102),

filed simultaneously on February 1, 2016 with the Defendant's Motion for Summary

Judgment (Doc. 99) were "dispositive motions",  and for reasons more fully set out

Plaintiffs' Motions were in law and fact timely; and that due to Defendant's

mischaracterization of these motions as being "non-dispositive", and in responding to

1

Defendant's various Motions to Strike/In Limine independent of the above Motions created confusion upon the Court and Plaintiffs' Counsel in falsely considering them to be "non-dispositive" motions subject to the 14-day rule when they must on the following authority only be properly characterized as "dispositive" subject to the 21-day rule. Plaintiffs' Rule 59 (e) and 60(b) Motions due to Defendant's mischaracterization of their filed Motions relied upon by the Court must be reassessed in light of clear error in fact and misapplication of law to well determine the need to correct clear error or to prevent manifest injustice and grant Plaintiffs Motion and vacate its Orders and Judgment to permit their products liability action to proceed and to be determined on the merits.

Plaintiffs request the Court grant them an opportunity at oral argument on their instant Motions. Plaintiffs further request for the Court to permit and allow at oral argument and hearing to conduct an  evidentiary *Ehrenhaus*-type hearing for the purpose of the Court reassessing its determination in modifying its sanction and judgment dismissing their action with prejudice in entering [default] judgment in favor of the Defendant based upon  a clear mistake of fact and law; and that, accordingly the  Court's Judgment (Doc. 172)be vacated; their case being reinstated then  allowing Plaintiffs' products liability case brought against the Defendant to resume  on the merits of all pending issues, as procedural dismissal of the case on the record now before the Court is both improper and unjust and the error shown entitles the Plaintiffs to their relief sought in their instant Motions upon the Court's finding of the that as a matter of the existence of clear error of law and fact that the need to correct clear error or to prevent manifest exists

on the Record and to not grant Plaintiffs' Motions, in whole or part,  unfortunately are required to prevent manifest injustice.

## Plaintiffs' Statement of the Case

Both the Court and Plaintiffs' Counsel erroneously were misguided by the mis-characterization of the Defendant's Counsel that Defendant's Daubert Motions (Docs. 101 and 102) filed on February 1, 2016 were "non-dispositive" requiring a 14-day extension of time to file a responsive pleading under Fed. R. Civ. P. 6(b) and D. Kan. Rule 6.1(d)(1); and which would have been due absent a finding of excusable neglect on February 15, 2016.  On February 16, 2016 Plaintiffs' Counsel conferred with Defendant's Counsel Brad E. Miller requesting additional time of 20 days to file Plaintiffs' Response to Defendant's Motion for Summary Judgement that was filed simultaneously with the Defendant's Daubert Motions on February 1, 2016; and which Plaintiffs' Summary Judgment Response that would have been due on February 22, 2016 to now be due on or before March 14, 2016.    Because Plaintiffs' Counsel's request for an extension was made at a time before the original time expired to Defendant's Motion for Summary Judgement, and Defendant's Counsel was advised that good cause existed due to Plaintiffs' Expert Parcels being unavailable to prepare an Affidavit in opposition to Defendant's Motion for Summary Judgement because he was at the time "recovering from the complications of surgery/MARSA (Doc. 111, Page 2 of 4) and that Plaintiffs' Counsel was currently reviewing as of February 16, 2016 more than 2,000 pages of discovery materials from the Defendant and possibly relevant to Plaintiffs' Response to Defendant's Motion for Summary Judgment (Doc. 111, Page 2 of 4);  that good cause

further existed due to Plaintiffs' Expert McLellan being unavailable to prepare an Affidavit in opposition to Defendant's Motion for Summary Judgement because of an unstated personal issue [his Wife of 51 years at the time being actively treated for pancreatic cancer] (See Affidavit of Eric Kjorlie attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "K") (Doc. 112, Page 2 of 4).  Defendant opposed the requested extensions as untimely by one day and Plaintiffs' Counsel filed his request for Opposed (Docs. 111 and 112); and Unopposed (Doc. 110) Motions to Extend Response Time on March 18, 2016 (hoping to but improperly relying on the erroneous computation of the 3-day rule).

As shown from the following case authority, the clear weight of authority  shows clear error as a matter of law that  Defendant's Daubert Motions were clearly "dispositive" which will require the Court to vacate its Orders and Judgment  because Defendant's Daubert Motions were filed for the purpose of eliminating all of Plaintiffs' retained experts testimony to the effect that Plaintiffs' proofs in their products liability case brought against Ford Motor Company would fail because their evidence against Ford would fail for insufficiency thereby disposing their case in its entirety. Therefore, unfortunately at great expense and waste of judicial resources due to Court and Counsel's reliance upon Ford's representations that its Daubert Motions were mis-characterized as being "non-dispositive";  the clear authority hereafter shown, at all times relevant, require the Court to rule as a matter of law that Defendant's Daubert Motions (Doc. 101 and 102) were and are in fact and law  "dispositive"; that the 21-day response time pursuant to Fed. R. Civ. P. 6(b)(1)(A) and D. Kan. Rule 6.1(d)(2) controls; that Plaintiff's  Counsel's

request on February 18, 2016 for an extension of time of an additional 20 days to respond to Defendant's Daubert Motions (Doc. 101 and 102) were timely, and for good cause shown,  Plaintiffs were entitled to have the protections of notice and time under the Rule 56 governing summary dispositions to fairly respond to Defendant's dispository motions (Docs. 99, 101 and 102) for which the Plaintiffs Responses (Docs. 127, 130 and 132) were all <u>timely</u> filed on March 14, 2016.  Because there were no further timing miscues of Plaintiff's Counsel, Plaintiffs respectfully submit that the Court should give deference to U.S. Magistrate Judge Teresa J. James' Order of March 23, 2016 to such findings that Defendant "is not prejudiced by such a short delay over a weekend" to the February 2, 2016 at 3:10 a.m. of Plaintiffs' filing of their Response (Doc. 103) to Defendant's Second Motion to Strike (Doc. 96) in her Order of March 23, 2016 (Doc. 134).  Plaintiffs further show or submit that they and their Counsel met all court imposed deadlines established by Judge Teresa J. James in her March 23, 2016 Order and fully complying (Doc. 161) with all subsequent Orders of Judge James and in full compliance with Judge Teresa J. James Orders (Doc. 134) and her Order April 1, 2016 (Doc. 143).

Because clear error in law and fact has unfortunately occurred due to Ford mischaracterizing its Daubert Motions (Docs. 101 and 102) as "non-dispositive" (See Plaintiffs' Rule 59/60 Motion Exhibit "M" and "O") the Court must reluctantly vacate and set aside its Orders and Judgment (Docs. 169, 170, 171, and 172) for the purpose of protecting the integrity of the Courts for the requisite purpose on all facts here shown <u>the need to correct clear error or prevent manifest injustice;</u> and to permit the instant case to be determined on the merits.  In this later regard, the Plaintiffs respectfully request that

the Court provide oral argument on their Motions and to conduct an evidentiary due process hearing on sanctions pursuant to applicable *Ehrenhaus* standards to permit them to present their proofs for the court to consider.

Alternatively, should the Court determine that Defendant's Daubert Motions are determined by the Court as a matter of law as "non-dispositive", then the Plaintiffs respectfully request that the Court reconsider its Orders and Judgment based upon the equities of Plaintiff's Counsel having to respond to the simultaneous filing of both Defendant's Motions for Summary Judgment and Ford's Daubert Motions on February 1, 2016, the confusion and labor-intensive response necessary to adequately defend  against Defendant's Motions to Strike/in Limine filed on Defendant's Motions to Strike/in Limine Defendant's Motions to Strike/in Limine filed on July 15, 2015 (Doc. 53)  and filed on January 14, 2016 (Doc. 96) without a substantial showing of any prejudice and if shown Defendant's abandonment of their right to take the depositions of Decedent's Betty Edward's treating medical providers when Judge James gave them the opportunity to do so thus negating as a matter of law any prejudice otherwise claimed;  further that pursuant to Local Rule 7.3 (b)(3) "Motions to Reconsider, to-wit: -"<u>(3) the need to correct clear error or prevent manifest injustice</u>" (Emphasis ours.) be found and determined on the Record; and that the Court must reconsider based upon applicable law and on the authority of *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* <u>492 F.3d 1158</u>, 1163 (10th Cir. 2007)  that alleviating the harshest penalty of imposing the dismissal with prejudice; and on the Record and at hearing to revisit the need to correct clear error or to prevent manifest injustice to the Plaintiffs'

6

Counsel's Client  who are the Decedent Plaintiff's surviving adult son, Paul C.

McDermed,  and surviving adult daughter, Georgia Lee Iocco (The Administrator of the

Decedent's Estate for the purposes of preserving and permitting the Decedent to bring a

claim for her claim for personal injuries incurred during her lifetime against Defendant

Ford Motor Company when no actual or constructive forewarning was ever addressed by

the Court to either Paul C. McDermed  and Georgia Lee Iocco or their Counsel had been

provided by the Court, either actual or constructive,  that a dismissal of their case due to

their Counsel's untimeliness in either timely providing or timely responding to

Defendant's Motions to Strike Untimely Disclosures (Docs. 73 and 96), and upon a

showing herein in the instant Record of no or de minimus prejudice ever been shown by

the Defendant required by Fed. R. Civ. P. 37(c), or if any found that as a matter of law

the prejudice claims of the Defendant due to their post ruling conduct to be determined

null and void by operation of law.


### Plaintiffs' Statement of Issues on their Motion for Reconsideration/New Trial


I.      **Because Defendant's Motions to Exclude Plaintiffs' Expert Testimony/
        "Daubert" of Plaintiffs' Designated Experts Parcells (Docs. 101) and
        McLellan (Doc.102) in actually attacking the sufficiency of the evidence
        supporting their opinions and not whether the evidence on which the
        experts relied was admissible, Defendant's Motions as a matter of law are
        considered "dispositive motions" for the purpose of obtaining in whole or
        part a summary disposition; and because Defendant has mischaracterized
        its Daubert Motions as "non-dispositive" motions,  Plaintiffs' Counsel's
        request for additional time to file Plaintiffs' Response to these Motions on
        February 18, 2016 were timely and must be considered by the Court on
        their merits. Further that because these Motions were interdependent**

and connected to one another, and which would dispose of all of Plaintiffs' liability claims against the Defendant, Plaintiffs' Responses (Docs. 127 and 130) and their Response (Doc. 132) to Defendant's Motion for Summary Judgment (Doc. 99) are all timely and properly before the Court as a matter of law.  Plaintiffs requested extension of time to corresponded with the extension of time the Court had for good cause granted of an additional 20-day extension in order for the Plaintiffs to obtain affidavits from their Experts Parcells and McLellan (Doc. 110) for leave for the Plaintiffs to file their Response to Defendant's Motion for Summary Judgment and their motions for an extension of time (Docs. 111 and 112) to respond to Defendant's Daubert Motions (Docs. 101 and 102) were timely made within the 21-day period pursuant to Fed. R. Civ. P. 6(b) and D. Kan. Rule 6.1(d)(2); and the Court should reconsider its order (Doc. 169) pursuant to D. Kan. Rule 7.3 and alternatively Rule 7.3(b)(3); and to determine all of the above in setting aside and vacate its Orders and Judgment (Docs. 169, 170, 171 and 172) to permit the case to go forward and determine all issues on their merits and not by default pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56.

II.     Upon further consideration of Plaintiffs' above Issue I. that Plaintiffs' requests for an extension of time (Docs. 111 and 112) were in fact timely as a matter of law to correct the operation of clear erroneous fact to existing law, and in further consideration of Plaintiffs' Issue IV. below that no subsequent misconduct of Plaintiffs' Counsel occurred independent of the matters upon which Judge James had judiciously previously ruled upon and determined without imposition of penalty or sanction because the Defendant had only shown at best deminimus prejudice required under Fed. R. Civ. P. 37(c); that pursuant to Rule 59(e) the Court may reconsider pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56 whether approving Plaintiff's argument and authority advanced allowing the Court to vacate its Order of August 3, 2016 (Doc. 169), is upon further review now proper and required; and further determine the all pending Motions before the Court existing on or before August 3, 2016 must be determined on the merits; and Plaintiffs request that the Court reconsider its Order and Judgement in dismissing their case with prejudice (Doc. 170 and 172) because the Court's imposition of sanctions in part was based upon  Plaintiffs' Counsel's untimely motions for an extension of time (Docs. 111 and 112) and should the Court determine that case law supports Plaintiff's contention that Defendant's

Daubert Motions were "dispositive" as a matter of law and were in fact timely and should have been granted for good cause shown, then Plaintiffs pray that the Court revisit its sanction of dismissing their case with prejudice; and that the Court may in the interests of justice now determine that a lesser sanction may be considered as more appropriate. Alternatively, Plaintiffs pray, that if the Court determines that the Defendant's Daubert Motions were in fact "non-dispositive" and hence subject to the 14-day period pursuant to Fed R. Civ. P. 6(b) and D. Kan. Rule 6.1(d)(1) and that Plaintiffs' Motion for additional time should not have been granted upon the grounds of excusable neglect, that the Court then, in the exercise of the Court's inherent equitable power, should reconsider its Orders and Judgment based upon Plaintiffs' showing they should not be penalized for their Counsel's asserted misconduct for the reason that the Court misapplied its sanction decision of dismissing their case with prejudice because the Court in approving this sanction relied upon *Pioneer Inv. Servs. v. Brunswick Assocs*., 507 U.S. 380 (1993) is not stare decisis it holding that the client should be penalized for the neglect of its counsel specifically due to the fact that the client's "business sophistication and his actual knowledge of the bar date", and although "constructive knowledge" may be imposed under *Lee v. Max International, LCC*, 638 F. 3d 1318 (10th Cir. 2011). Plaintiffs urge the Court to impose a lesser sanction as deemed appropriate and just, vacate its Orders and Judgment (Docs. 169, 170, 171 and 172); and that all reinstated matters including Defendant's Daubert Motions and Motion for Summary Judgment be determined on the merits pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56. Plaintiffs request oral argument on their instant Rule 59(e) and Rule 60(b)(3) Motions pursuant to D. Kan. Rule 7.2(b); and further that the Court conduct an "Ehrenhaus-type" hearing for the Court to reassess its sanction of dismissal based upon the totality of the circumstances shown, and to again determine appropriate sanctions for their Counsel's misconduct as being as a matter of law of a lesser sanction than dismissal and believed to be within the Court's power to so impose, but of a lesser sanction independent of any culpability on the part of the Plaintiffs pursuant to Fed. R. Civ. P. 37(c) and D. Kan. Rule 11.1(b) and (c), and applicable law.

III.     As an alternative ground for the relief of granting the Plaintiffs a new trial pursuant to Rule 60(b)(3), Plaintiffs respectfully suggest that the Court upon further review determine that Defendant's in Limine

**Motions to Strike Plaintiff's (Docs. 53 and 96) are shown on the Record before the Court to be substantially frivolous and void of a clear showing of prejudice, and on this Record the Court may well determine that Defendant's in Limine Motions to Strike Plaintiff's (Docs. 53 and 96) were filed for the sole purpose of eliminating relevant Rule 401 Evidence which if granted would tie the hands of Plaintiffs' Experts; and because no prejudice can be realistically asserted by the Defendant is shown on the Record, the Defendant's Motions (Docs. 53 and 96) were not made in good faith and constitute a fraud upon the court sufficient to grant the Plaintiffs their day in court on the merits; that the Court as hereinafter shown may take judicial notice that the veiled claims of prejudice for late disclosure are no more than an attempt to preclude relevant evidence pursuant to Fed. R. Evid. 401 in tying the hands of Plaintiffs' Experts for there is no sufficient showing of prejudice on this record to the Defendant for the Plaintiffs' untimely late disclosures, and that Defendant's alleging prejudice as prerequisite for the initiation of the filing of its Motions to Strike are by their very nature inherently time-consuming and burdensome, and the Court should make specific findings that Defendant has improperly by the use of these motions in limine as a matter of law committed a fraud upon the court, for which for this reason the Court has the inherent power in the interests of justice to ameliorate the harm by granting Plaintiffs a new trial on all reinstated pending proceedings then existing on or before August 3, 2016.**

IV.    **As an alternative ground for relief  for Reconsideration pursuant to Rule 59(e), Judge James' Orders of September 3, 2015 (Doc. 73) denying Defendant Ford Motor Company's Motion to Strike the Supplemental Attachments of Plaintiffs' Expert Report; and Judge James Orders of March 23, 2016 (Doc.134) and April 1, 2016 (Doc. 143) should be considered on all issues as res judicata on all matters pertaining to discovery disputes by and between the parties; and Plaintiffs respectfully show that the Record supports a finding by the Court and they and their Counsel have fully and dutifully complied with all of the Court's remedial orders (Docs. 92 and 161); that the Court may determine that by carefully reviewing the extensive record and responding in good faith to Defendant's claim of prejudice due to late disclosure, of Plaintiffs restaging their October 20, 2015 demonstration of product failure on May 11, 2016; and their full cooperation in the taking of the Deposition of Dr. Bradley Woods and further making their Counsel's schedule fully**

**open to fully cooperate for the taking of other health care provider
depositions which Defendant either abandoned, or elected not to take,
such testimony believed favorable to the Plaintiffs' claims that the pattern
of injury claim against Ford  of airbag verses seatbelt in causing
Decedent's Plaintiff Betty McDermed's injuries and her resultant death.**

### Plaintiffs' Statement of Pertinent Facts re: Issues I.-IV. to Plaintiffs' Motions for Reconsideration/New Trial

1. On July 15, 2015 Counsel for the Defendant Ford Motor Company, Brad E.
   Miller, in Defendant's First "Motion to Strike Supplemental Attachments to
   Plaintiff's Expert Mr. David McLellan's Report (Doc. 53) praying for the relief
   pursuant to Fed. R. Civ. P 37(c) "although plaintiff service of supplemental
   attachment to their experts report were clearly out of time. Instead, Plaintiffs filed
   what they labeled as a "Certificate of Compliance". See Plaintiffs' Certificate of
   Compliance (Doc. 44). [See "Certificate of Compliance" (Doc. 44), marked
   Plaintiffs' Rule 59/60 Motion Exhibit "A".]  There is no explanation as to how
   serving attachments to their expert's report, nearly 4 months after the deadline has
   passed, results in "compliance" with the Court's Scheduling Order…. and Ford
   also requests an order preventing Mr. McLellan or Plaintiffs from using any of the
   previously undisclosed "attachments" during his deposition or at trial. (Emphasis
   ours).  Ford's Counsel clearly misstated the record and inserted language that was
   inflammatory which has been a repeated character assassination of Plaintiffs'
   Counsel throughout the course of Ford's Motions to Strike in this case. What
   counsel for Ford failed to mention in this document was that on March 2, 2015 in
   compliance with the Court's initial Scheduling Order (Doc. 21) Plaintiffs' Counsel
   provided the Court with a "Certificate of Compliance" (Doc. 28), marked
   Plaintiffs' Rule 59/60 Motion Exhibit "B" which was the March 2, 2015 Expert
   Report of David McLellan, with Attachments A-I and wherein he requested
   additional time to add material because there was additional mulch material that he
   had requested from Ford and had not received. Further, Plaintiffs' Counsel stated
   therein "…. designation of certain expert witnesses by either the identification of
   Betty Lou McDermed, Deceased's treating physicians and her autopsy or report of
   cause of death in accordance with Fed. R. Civ. P 26(2)(A)…" (Emphasis ours).
   And Plaintiffs' Counsel provided the Court with a "Certificate of Compliance"
   (Doc. 39), marked Plaintiffs' Rule 59/60 Motion Exhibit "C" on June 11, 2015
   indicating that the Supplemental Expert Report of David McLellan, with
   Attachments (6) would be provided on or before June 21, 2015. Providing hard

copies of the attachments was laborious and were not compiled for electronic service until June 26, 2015. The Court was aware that these would be attached however unfortunately the court designated a date in the <u>Court's Amended Scheduling Order filed 6/24/2015</u> that a deadline would be "the date of the scheduling order" and Plaintiff's Counsel was 2 days late not "nearly 4 months after the deadline passed …" as Ford's Counsel Mr. Brad E. Miller misstated to the Court in its Motion (Doc. 53, Page 3 of 4) attached hereto and marked Plaintiffs' Rule 59/60 Motion Exhibit "D".  Plaintiffs respectfully show that the U.S. Magistrate Judge Honorable Teresa J. James in her Order (Doc. 73, Page 24 of 14) of September 3, 2015 noted in part: <u>"The Court notes Plaintiffs served the McLellan expert report on June 11, 2015 without written objections by Defendant, and the parties jointly requested an extension of Plaintiffs' expert deadline on June 22. Plaintiffs' service of the supplemental attachment at issue four days later is harmless to Defendant."</u> (Emphasis ours).  Finally to show that this and other Defendant's Motions to Strike were primarily not filed in good faith and with no prejudice other than burdening Plaintiffs and the Court with this type of inane objection; as well as objecting to disclosure of Decedent Plaintiff's treating physicians and emergency personnel in a wrongful death case and 3 days later dying from her injuries she incurred in an automobile accident; the disclosure that was provided in Plaintiffs' Certificate of Compliance (Doc. 28),  and Plaintiffs further attach a an example of Ford's treatment of case specific bibliography of their expert Dr. Scott: no objection from the Plaintiffs even if a Ford was a couple days late in getting their expert reports which were due on September 25, 2015, to-wit: "Representative publications in the scientific fields in which Dr. Scott will testify:…'. A copy attached hereto for convenience of Court and Counsel marked Plaintiffs' Rule 59/60 Motion Exhibit "E".

2. Also on June 11, 2015 in compliance with the Court's initial Scheduling Order (Doc. 21) Plaintiffs' Counsel provided the Court with a "Certificate of Compliance" (Doc. 40), marked Plaintiffs' Rule 59/60 Motion Exhibit "F" which was the June 11, 2015 designation of Plaintiffs expert' Shawn Lynn Parcells, BS, MSHAPI, PA and further stating therein that "his resume and the nature of his expected testimony and his report to be served on or before June 22, 2015, in accordance with the Scheduling Order (Doc. 43)…", marked Plaintiffs' Rule 59/60 Motion Exhibit "G".

3. Another example of an attempt to exclude Rule 401 Evidence is shown in the attempt by Ford to exclude the bruising pattern of the driver of the automobile that is consistent with seatbelt sign which did not appear on the Decedent; to support

Plaintiffs' Expert Shawn Parcells Expert Report and opinion that the injuries
sustained by the Decedent Plaintiff Betty McDermed were caused by the airbag
and not a seatbelt under the arm as alleged by the Defendant's Experts Dr. Scott
should be excluded because it had been reinstated restated within the Plaintiffs'
Rule 26(e)(1) Supplemental Initial Disclosures served 21 days late on November
24, 2015 which were due under the Scheduling Order (Doc. 43) on November 5,
2015. However, the very evidence in which Ford subsequently attempted to
exclude because of a late disclosure was in fact disclosed and was a "Parcells'
Deposition Exhibit #16 marked Plaintiffs' Rule 59/60 Motion Exhibit "H" and its
import testified to in the day-long Deposition of Shawn Parcells on August 14,
2015! (Additionally, as shown on the Record (Doc.103-1, Page 3 of 4) a physical
copy of all of the materials including the photographs and video of the October 20,
2015 Demonstration were seasonably provided Defendant's Counsel on or about
November 8, 2015).

4. Also on December 23, 2015 in compliance with the Court's "Order Memorializing
Rulings from December 11, 2015 Status Conference" (Doc. 90) Plaintiffs'
Counsel provided the Court with a "Certificate of Compliance" (Doc. 92) along
with a 6-Page e-mail correspondence to Defendant's Counsel stating Plaintiffs'
position pertaining to matter that had appeared in Plaintiffs' Supplemental Initial
Disclosures untimely filed and marked Plaintiffs' Rule 59/60 Motion Exhibit "J".

5. Defendant filed its <u>Second</u> "Motion to Strike and timely Plaintiffs' Supplemental
Initial Disclosures" on January 14, 2016 (Doc. 96).  On February 2, 2016
Plaintiffs' Counsel at 3:10 a.m. by reason of technical difficulties with Plaintiffs'
Counsel's office scanner and attempting to re-number and identify Plaintiffs'
Exhibit Index in Response to Defendant Ford Motor Company's Motion to Strike
(Doc. 96) to accompany Plaintiffs' Response (Doc. 103), filed untimely "4"-days
late and 1-work day exclusive of the weekend for which Judge James determined
(Doc. 134) not to be prejudicial to the Defendant and it was received.  Plaintiff's
Response Exhibit Index (Doc. 103-1 consisting of 4 Pages) a copy for
convenience of Court and Counsel is attached and marked Plaintiffs' Rule 59/60
Motion Exhibit "I".

6. During the time of December 22, 2015 through March 16, 2016 Plaintiffs'
Counsel was not only completing responses to Defendant's Second Motion to
strike but also dealing with plaintiff's experts in providing information to secure
affidavit testimony in reference to the anticipated motions for summary judgment
to do on or before February 1, 2016. On February 1, 2016 after the hour of 5:00

p.m.  Defendant simultaneously filed Defendant's Motions for Summary Judgment (Doc.99) and a Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert Parcells (Doc. 101) and a Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert McLellan (Doc. 102). Plaintiffs' Counsel's Office downloaded the documents and placed them in one grouping believing them to be part and parcel of Defendant's Motion for Summary Judgment. See Affidavit of Eric Kjorlie attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "K" which includes a copy of his phone logs to show that he was daily immersed in the instant litigation to deal with the Motion to Strike (Doc. 96) and discovery review of claims made for product complaints received by Ford's Counsel and consisting of more than 2,000 pages of documents or various other litigation materials. (Docs. 111 and 112, Pages 2 of 4).  It should be noted that under the Amended Scheduling Order that "Motions challenging the admissibility of expert testimony" were due by February 29 2016. (2016 being a Leap Year.)

7. Because Plaintiffs' Counsel required additional time to respond to the Defendant's Motion for Summary Judgment and in having difficulty in consultation with his experts on February 18, 2016 Plaintiffs requested an unopposed extension of time to file their Response to the Defendant's Motion for Summary Judgment (Doc. 110); and at the same time Plaintiffs' Counsel filed an opposed motion(s) for extension to respond to Ford's Daubert Motions against Plaintiffs' Experts Parcells and McLellan. (Docs. 111 and 112) Plaintiffs' Counsel in a phone conversation with Defendant Ford's Counsel Brad E. Miller on February 16, 2016 was advised that the Daubert Motions were non-dispositive and were due under the 14-day rule on February 15, 2016 and did not have authority to grant the extension unopposed. Plaintiff's Counsel on February 18, 2016 confirmed that Ford would not agree to the extension to respond to the downward motions. See Affidavit of Eric Kjorlie attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "K".

8. On March 23, 2016 U.S. Magistrate Judge Teresa J. James entered her Orders (Doc. 134) to Defendant Ford's Second Motion to Strike in permitting the Plaintiffs' Counsel's late response of February 2, 2015 filed at 3:10 a.m. in the morning to be received; and that the delay of five days was short and over the weekend and the Court considered the Motion on the merits; and issued her orders which in part included a retaking of the Plaintiffs' product failure demonstration of October 20, 2015; and that it be completed on or before May 11, 2016; and further that Defendant's taking the depositions of the treating physicians of the Decedent Plaintiff Betty McDermed would be taken, and which were done with cooperation of Plaintiffs Council and Defendant's Counsel; however Defendant's Counsel

chose only one of the Doctors, a Dr. Bradley Woods on May 12, 2016, was deposed by the Defendant. Plaintiffs' Counsel filed a Certificate of Compliance (Doc. 161) on May 12, 2016 in accordance with the orders required of Judge James. (Doc. 134) See "Certificate of Compliance" (Doc. 134), marked Plaintiffs' Rule 59/60 Motion Exhibit "L".

9.  Neither Plaintiffs' Counsel, nor the Plaintiffs, have ever received notice from the Court that noncompliance with any of the subsequent court orders after Judge James Order of March 23, 2016 (for which Plaintiffs are shown on the Record to be in full compliance) that any of their or their Counsel's actions through the date of May 12, 2016 would result in a dismissal of the action.  See Affidavit of Eric Kjorlie attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "K".  There is no place in the Record before the Court that Judge James' Order of March 23, 2016 (Doc. 134) did not warn or constructively place Plaintiffs nor their Counsel on notice that the case would or was in danger of being dismissed; nor were there any subsequent conduct actions taken on the part of the Plaintiffs nor their Counsel that would or could be construed to be willful or in some manner continuing gamesmanship during  discovery to the harm of the Defendant nor was the Defendant able to show any significant harm to justify a dismissal with prejudice.

10. Pages 1 of Defendant's Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert Parcells (Doc. 101) and its Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert McLellan (Doc. 102) are attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "M". The Merriam-Webster Dictionary's definition of "dispositive" and "non" are attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "N".

11.  In accordance with the "Court's Order Memorializing Rulings from December 11, 2015 Status Conference (Doc. 90) Plaintiffs' Counsel on December 23, 2015 filed a "Certificate of Compliance", indicating that he had carefully reviewed all of the matters for which the Defendant was objecting as prejudicial for "late" disclosures and as there indicated and confirmed all or the great majority of which had previously been seasonally provided to Defendant's Counsel and which fully explained Plaintiffs' Counsel's position pertaining to each item for which Defendant was objecting to on the basis of late disclosure which is attached to Plaintiffs' Certificate of Compliance filed on December 23, 2015 for convenience of Court and Counsel marked Plaintiffs' Rule 59/60 Motion Exhibit "J".

12. Page 1 of Defendant's Response to Plaintiffs' Motion for an Extension of Time to Respond to Defendant's Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert Parcells (Doc. 119) and Page 1 of Defendant's Response to Plaintiffs' Motion for an Extension of Time to Respond to Defendant's Daubert Motion to Exclude the Expert Testimony of Plaintiffs' Expert Parcells (Doc. 120) are attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "O".

13. Page 17 exemplar photographs of Dr. Scott's Expert Report of September 25, 2015 concerning seatbelt worn under the arm photograph is attached and marked Plaintiffs' Rule 59/60 Motion Exhibit "O".

## **Standard of Review**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment, pursuant to Fed. R. Civ. P. 60(b)" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed no later than 28 days after the entry of judgment. A party may obtain relief from a judgment for the "fraud… misrepresentation, or other misconduct of an adverse party" under Fed. R. Civ. P. 60(b)(3). Under such a motion, a party must demonstrate that it had a meritorious claim and that the other party's conduct prevented it from making a full and fair presentation of its case at trial. 12 Moore's §60.43[1][c]; 11 Fed. Prac. & Pro. § 2860. See also Federal Practice & Procedure: Civil Rules-2006 Quick Reference Guide, at 941-42.

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law… It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012(10th Cir. 2000) (citing *Van Skiver*, 952 F. 2d at 1243) "Grounds warranting a motion to reconsider, include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) <u>the need to correct clear error or to prevent manifest injustice</u>. "(citing *Brumark Corp. v. Samson Resources Corp.* 57 F. 3d 941, 948 (10th Cir. 1995)). (Emphasis supplied.) The same standard has been applied to both Rule 59(e) motions, see id.; *Schlussler-Womak v. Chickasaw Tech Prod.,* 116 Fed. Appx. 772,773 (10th Cir. 2004) (unpublished), and Rule 60(b) motions, see *Lyons v. Dept. of Corr.,* 12 Fed. Appx. 772,773 (10th Cir. 20010 (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. N2001) (unpublished).

In *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* (10th Cir. 2007), where the court their determined a Rule 30(b)(6) deposition of a material witness was unable to be taken due to delay resulting from plaintiffs much misconduct and dismissal was in that case appropriate…[B]ecause Ecclesiastes fully engaged in the process of delay that resulted in the loss of vital Rule 30(b)(6) testimony.]  Again, In *Ecclesiastes*, supra.: "<u>[A]n abuse of discretion occurs when the District Court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances.  This occurs when a district court relies upon an erroneous conclusion of law, or upon clearly erroneous findings of fact.</u>" (Emphasis ours.)  And see also: "We review a district court's ruling on a motion in limine for an abuse of discretion. "<u>*Branham v. Thomas M. Cooley Law*</u>

*Sch.,* 689 F.3d 558, 562 (6th Cir. 2012). Similarly, "[w]e review denials of motions to compel discovery for an abuse of discretion." *Evans v. Sir Pizza of Kentucky, Inc.,* 476 Fed. Appx. 605, 608 (6th Cir.2012). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment."*Miller v. Countrywide Bank, N.A. (In re Countrywide Fin. Corp. Mortg. Lending Practices Litig.),* 708 F.3d 704, 707 (6th Cir. 2013)  (internal quotation marks omitted).

I.    **Because Defendant's Motions to Exclude Plaintiffs' Expert Testimony/ "Daubert" of Plaintiffs' Designated Experts Parcells (Docs. 101) and McLellan (Doc.102) in actually attacking the sufficiency of the evidence supporting their opinions and not whether the evidence on which the experts relied was admissible, Defendant's Motions as a matter of law are considered "dispositive motions" for the purpose of obtaining in whole or part a summary disposition; and because Defendant has mischaracterized its Daubert Motions as "non-dispositive" motions,  Plaintiffs' Counsel's request for additional time to file Plaintiffs' Response to these Motions on February 18, 2016 were timely and must be considered by the Court on their merits. Further that because these Motions were interdependent and connected to one another, and which would dispose of all of Plaintiffs' liability claims against the Defendant, Plaintiffs' Responses (Docs. 127 and 130) and their Response (Doc. 132) to Defendant's Motion for Summary Judgment (Doc. 99) are all timely and properly before the Court as a matter of law.  Plaintiffs requested extension of time to corresponded with the extension of time the Court had for good cause granted of an additional 20-day extension in order for the Plaintiffs to obtain affidavits from their Experts Parcells and McLellan (Doc. 110) for leave for the Plaintiffs to file their Response to Defendant's Motion for Summary Judgment and their motions for an extension of time (Docs. 111 and 112) to respond to Defendant's Daubert Motions (Docs. 101 and 102) were timely made within the 21-day period pursuant to Fed. R. Civ. P. 6(b) and D. Kan. Rule 6.1(d)(2); and the Court should reconsider its**

**order (Doc. 169) pursuant to D. Kan. Rule 7.3 and alternatively Rule 7.3(b)(3); and to determine all of the above in setting aside and vacate its Orders and Judgment (Docs. 169, 170, 171 and 172) to permit the case to go forward and determine all issues on their merits and not by default pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56.**

## <u>Discussion.</u>

Plaintiffs respectfully show this Honorable U.S. District Court that the Court, along with the Plaintiffs, have been misled by Defendant's mis-characterization in its pleadings which are text-book Daubert Motions (Docs. 101 and 102) describing them as being "non-dispositive", when Defendant's text-book Daubert Motions (Docs. 101 and 102) when viewed are as a matter of law and fact "dispositive" by definition and legal construct. (See Exhibit- "G" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Amended Scheduling Order Summary of Deadlines and Settings. (Doc. 43); Exhibit- "M" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Page 1 of Defendant's Daubert Motion/ Parcells. (Doc. 101) and Page 1 of Defendant's Daubert Motion/ McLellan (Doc. 102); Exhibit- "N" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Merriam-Webster's definition of "dispositive" and "non"; and Exhibit- "O" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment- Page 1 of Defendant's Response in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Defendant's Daubert Motion/ Parcells. (Doc. 119) and Page 1 of Defendant's Response in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Defendant's Daubert Motion/ McLellan. (Doc. 120).)  Plaintiffs

show the Court that both the Court and the Plaintiffs were mistaken and misled by the Defendant and it is clear in fact and law that Defendant's Daubert Motions (Docs. 101 and 102) **can only** as drawn and above indisputably shown be considered **"dispositive", notwithstanding the Defendant's attempt to label them "non-dispositive".** (Emphasis ours.)

Plaintiffs having respectfully shown the Court that such mislabeling or mischaracterization of Defendant's Daubert Motions in fact and law are clear error. **Because Defendant's Daubert Motions are non-dispositive the Plaintiffs and the Court, by their detrimental reliance due to Defendant's mis-direction, the Plaintiffs have been denied their opportunity to be rightly heard on their substantive Responses to their Motions for an Extension of Time (Docs. 111 and 112), for good cause shown, to both notice and to their rightful 21-day response time pursuant to Fed. R. Civ. P. Rule 54 protections rather than the 14-day response time the Defendant had proclaimed.** (Emphasis ours.)

Defendant's error and the Courts and the Plaintiffs detrimental reliance thereon cannot be cured and the error is apparent and clear, the confusion that exists which was created by the Defendant and by virtue of the manner in which Defendant raised their issue by fileing their respective Daubert and Summary Judgment Motions together simultaneously;  which are obviously interdependent upon each other in an attempt to obtain clear and final dispositive relief upon which they and the Court clearly detrimentally relied to the harm of the Plaintiffs which must be cured, the judgments vacated, and that proceedings be reinstated on all issues then pending and to be adjudged

on the merits. As the Record below shows this clear mistake of law and fact which has left the Plaintiffs bereft of their due process rights to notice, the right to explain, defend, and be heard, and to have the factual determinations made independent of a hearing or response  must on their present showing be carefully reviewed and determined by the Court to bestow upon them those procedural protections, including their  21-day response time, and to request an extension of time to respond if made during that time and for good cause shown to allow them to properly respond to the issues raised in the motions deemed "dispositive"; and to equally enjoy the fruits, privileges, and  procedural protections under the Guidance of this Honorable Court to fairly provided to all litigants their rights, privileges and duties in accordance with Fed. R. Civ. P.  Rule 54 proceedings.

The Court on its own motion has authority under Rule 59 and Rule 60 to correct clear error upon either a determination that the Court relied upon clearly erroneous findings of fact, when the Court applies the wrong legal standard, or when the Court has determined that a clear error of judgment has resulted in manifest injustice to the parties before it or harm to the reputation of the Court is probable. Plaintiffs on their own behalf bring their Rule 59 and Rule 60 Motions because the Plaintiffs are entitled as a matter of law to a 21-day response period respond to a dispositive motion.

Plaintiffs, as this Honorable Court, must rely principally upon the authority of the Sixth Circuit Court's Decision in *Louzon v. Ford Motor Co*., 718 F.3d 556 (6th Cir. 2013). In *Louzon*, the Sixth Circuit determined that litigants should raise such legal and

factual challenges as part of motions for summary judgment. As Ford's motion in limine did "not require any rulings relating to the admissibility of evidence at trial," the Circuit Court held that Ford's motion in limine was "no more than a rephrased summary judgment motion" that the district court should not have considered:

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions…."

The Sixth Circuit Court noted that:

"[O]ur sister circuits that have addressed "the overlap of a motion in limine with a motion for summary judgment have taken the position similar to that adopted by the Sixth Circuit. The circuits: have recognized these dangers and reverse the underlined decisions. For example, the Federal Circuit recently reversed the district court after it had "essentially converted [a] motion in limine into a motion for summary judgment." The Federal Circuit explained that '[I]n doing so, the court did not allow for the full development of the evidence, and deprived [the defendant] of an opportunity to present all pertinent material to defend against the dismissal of its inequitable conduct defense."

Plaintiffs in further argument urge the Court adopt the Sixth Circuit's ruling reflects the prevailing view among federal courts that motions in limine do not provide

additional opportunities to seek dismissals of claims. For example, the Federal Circuit

recently held that arguments relating to the sufficiency of evidence are the subjects of

motions for summary judgment or judgment as a matter of law, not motions in limine.

The Seventh Circuit similarly held that a defendant had to raise an argument about the

admissibility of evidence directed to whether damages were reasonably certain as part of

a summary judgment motion, not a motion in limine. In *Louzon*, the Sixth Circuit also

cited Kentucky, Michigan, and Ohio federal court decisions espousing similar principles.

These issues of using motions in limine/strike are disfavored for which this use dovetails

into Plaintiff's Issues II. and III. pertains to California's Revision of Rule 37 to avoid the

motion practice to strike and requiring a 45-day notice to respond to motions to strike

which are no more than veiled summary disposition motions.  See "*The Case Against*

*Dispositive Motions in Limine, Part 1 and 2"*, Ritchie, Solange E., the Gavel, published

by the Orange County Trial Lawyers Association, Volume 14, Number 4, (Fall 2011) and

Volume 15, Number 1 (Spring 2012).

 In a 2013 *post- Louzon v.  Ford* case the Honorable Joseph R. Goodwin, United

States District Judge for the Southern District of West Virginia, in his Pretrial Order #87,

*In re: American Medical Systems, Inc. v.  Pelvic Repair Systems Products Liability*

*litigation*, MDL NO.  2325 nips and resolves this issue in the bud by referring such

Motions as here present in the instant matter now before the Court in alleviating the

problem in describing them by **separating them into the two categories at: "Section 4.**

**Daubert Motions and Non-Daubert Based Dispositive Motions.**"; and at "**Section 5. Daubert Based Dispositive Motions and Motions in Limine.**"!

The Supreme Court has recognized this distinction, explaining that "[i]n a civil action, the question whether a particular affirmative defense is sufficiently supported by testimony to go to the jury may often be resolved on a motion for summary judgment, but of course motions for summary judgment are creatures of civil, not criminal, trials." *United States v. Bailey,* 444 U.S. 394, 412 n. 9, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).

In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial — the summary-judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment. *See Williams v. Johnson,* 747 F.Supp.2d 10, 14 (D.D.C.2010) ("In light of their limited purpose, motions in *limine* should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards [of notice].") (internal quotation marks omitted)

Dispositive motions by definition resolve legal issues which although they are intermeshed in fact resolve legal questions independent of the facts. Accordingly: "It goes without saying that a material issue of fact determination is nothing more than a

sufficiency determination."  In *Maiorana v. U. S. Mineral Products Co.,* 52 F. 3d 1124,

1131-32 (CA 2, 1995):

"The court permitted the motion in limine to be used for this purpose. Yet, the court held that since the motion was dispositive, it must comply with MCR 2.116(G0(1)(a)(ii), requiring such a motion to be filed 21-days before the hearing: Because defendants were actually attacking the sufficiency of the evidence supporting the expert's opinions, and not whether the evidence on which the experts relied was admissible, we agree with the trial court that defendant's motion was not merely a motion in limine, but in reality was a motion for summary disposition. Thus, the trial court erred in failing to grant plaintiff the proper time in which to respond to defendant's motion. (Emphasis ours.)

The Sixth Circuit's decision exemplifies a broadening consensus that litigants

must pursue all post-discovery, potentially dispositive arguments through summary

judgment motions.

Based upon *Louzon,* supra., and the above authority, reassessment of argument

and reconsideration by the Court of the Court's rulings, Plaintiffs pray that the Court,

based upon a clear mistake of fact and law which is shown to be present, i.e.  that

Defendant's Daubert motions are "dispositive" and not "non-dispositive", and

accordingly the Plaintiffs are entitled to a 21-day response time to the Defendant's

Daubert Motions (Docs. 101 and 102) simultaneously filed with Defendant's Motion for

Summary Judgment (Doc. 99) on February 1, 2016.

**II.**      **Upon further consideration of Plaintiffs' above Issue I. that Plaintiffs' requests for an extension of time (Docs. 111 and 112) were in fact timely**

as a matter of law to correct the operation of clear erroneous fact to existing law, and in further consideration of Plaintiffs' Issue IV. below that no subsequent misconduct of Plaintiffs' Counsel occurred independent of the matters upon which Judge James had judiciously previously ruled upon and determined without imposition of penalty or sanction because the Defendant had only shown at best deminimus prejudice required under Fed. R. Civ. P. 37(c); that pursuant to Rule 59(e) the Court may reconsider pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56 whether approving Plaintiff's argument and authority advanced allowing the Court to vacate its Order of August 3, 2016 (Doc. 169), is upon further review now proper and required; and further determine the all pending Motions before the Court existing on or before August 3, 2016 must be determined on the merits; and Plaintiffs request that the Court reconsider its Order and Judgement in dismissing their case with prejudice (Doc. 170 and 172) because the Court's imposition of sanctions in part was based upon  Plaintiffs' Counsel's untimely motions for an extension of time (Docs. 111 and 112) and should the Court determine that case law supports Plaintiff's contention that Defendant's Daubert Motions were "dispositive" as a matter of law and were in fact timely and should have been granted for good cause shown, then Plaintiffs pray that the Court revisit its sanction of dismissing their case with prejudice; and that the Court may in the interests of justice now determine that a lesser sanction may be considered as more appropriate. Alternatively, Plaintiffs pray, that if the Court determines that the Defendant's Daubert Motions were in fact "non-dispositive" and hence subject to the  14-day period pursuant to Fed R. Civ. P. 6(b) and D. Kan. Rule 6.1(d)(1) and  that Plaintiffs' Motion for additional time should not have been granted upon the grounds of excusable neglect,  that the Court then, in the exercise of the Court's inherent equitable power, should reconsider its Orders and Judgment based upon Plaintiffs' showing they should not be penalized for their Counsel's asserted misconduct for the reason that the Court misapplied its sanction decision of dismissing their case with prejudice because the Court in approving this sanction relied upon  *Pioneer Inv. Servs. v. Brunswick Assocs*., 507 U.S. 380 (1993) is not stare decisis it holding that the client should be penalized for the neglect of its counsel specifically due to the fact that the client's "business sophistication and his actual knowledge of the bar date", and although "constructive knowledge" may be imposed under *Lee v. Max*

26

**International, LCC, 638 F. 3d 1318 (10th Cir. 2011). Plaintiffs urge the Court to impose a lesser sanction as deemed appropriate and just, vacate its Orders and Judgment (Docs. 169, 170, 171 and 172); and that all reinstated matters including Defendant's Daubert Motions and Motion for Summary Judgment be determined on the merits pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 56. Plaintiffs request oral argument on their instant Rule 59(e) and Rule 60(b)(3) Motions pursuant to D. Kan. Rule 7.2(b); and further that the Court conduct an "Ehrenhaus-type" hearing for the Court to reassess its sanction of dismissal based upon the totality of the circumstances shown, and to again determine appropriate sanctions for their Counsel's misconduct as being as a matter of law of a lesser sanction than dismissal and believed to be within the Court's power to so impose, but of a lesser sanction independent of any culpability on the part of the Plaintiffs pursuant to Fed. R. Civ. P. 37(c) and D. Kan. Rule 11.1(b) and (c), and applicable law.**

## Discussion.

**"[T]he only parties willing to invest the time and money in making motions in limine on cases that may never go to trial are repeat players like insurance companies and prosecutors or deep pockets willing to spend money on scorched earth tactics to discourage impecunious plaintiffs."). 21 WRIGHT & GRAHAM, *supra,* § 5037.10 <u>Louzon v. Ford Motor Co.,</u> 718 F. 3d 556 (6th Cir. 2013)"**

As the factual record of the case illustrates Judge Teresa J. James Orders of 9/3/2015 (Doc. 73); 3/23/2016 (Doc. 134) and 4/1/2016 (Doc determined the minimus prejudice due to late disclosures as alleged by Ford and their motions to strike. Even in the last Order where Judge James allowed for additional opportunity for the Defendant to take Depositions of individuals that they had complained had denied them due to late disclosure were Decedent Plaintiff's treating physicians and medical providers for care

due to the injuries and resultant death she sustained in the 12/28/2012 accident were

allowed additional time to take their depositions. As noted in *Morel v. Daimler-Chrysler*

*Corp.,* 259 F.R.D. 17,20 (D.P.R. 2009) that another consideration is whether the

prejudice for a "late" disclosure can be cured. Defendant as previously noted was

provided actual notice. If the objecting party has adequate time to conduct supplemental

expert discovery and pair of cross-examination prior to trial, the courts may conclude that

a sanction is unwarranted. And when the objecting party fails to request the deposition of

the new expert, or fails to depose any of the previously disclosed experts, the objecting

party's claim of prejudice will be unpersuasive. [In this case it should be noted that the

Plaintiffs in their "Certificate of Compliance" of March 3, 2015, Exhibit- "B" in

accordance with the scheduling order and as early as 3 weeks after they had filed their

Complaint in September of 2014 they designated [disclosed?] the Decedent Plaintiff's

treating physicians and her autopsy report of cause of death which Plaintiffs' Counsel

provided Defendant's Counsel of Record with medical authorizations to obtain all of the

Decedent Plaintiff's medical records of for which she had been treated as a result of the

automobile accident of December 28, 2012 , and her death on December 30, 2012. Client

and Plaintiff wishes here to provide a rhetorical question to the Court--- "How is it

possible that you can undisclose what has previously been disclosed by filing a late

discovery disclosure again disclosing that fact?" Plaintiffs respectfully request the court

to take judicial notice that there can be no prejudice to the defendant as a litigant in this

wrongful death action for product liability of Defendant's product as to the items: (1)

Decedent's medical records of her medical providers and their names for the purpose of

determining whether or not the defendant wish to take their depositions in the case; (2) a Deposition Exhibit (See Exhibit- "H" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Parcells' Deposition Exhibit 16- Medical Records of Dr. West re: driver Ms. Emma Edwards (bruising pattern/seatbelt sign)"  pertaining to the medical records of the driver the vehicle in which the Decedent Plaintiff was a passenger indicating that the bruising pattern to the driver's chest was consistent with evidence that a seatbelt had been worn due to the bruising pattern on her chest and this fact was significant to plaintiff's expert in rendering his report an opinion that plaintiff's bruising pattern was a fact which he determined relevant to determine that the air bag rather than her seatbelt was the precipitating force that caused the decedent plaintiff's injuries and her resultant death; and 3.  Ram Krishnaswami's Exhibit No. 4 (Docs. 157 and 158) made a part of his Expert Report of September 25, 2015; and of importance and materially relied upon by Plaintiff's engineering expert, Mr. David McLellan.

In *Lee v. Max International, LLC*, 638 F. 3d 1318 (10th Cir. 2011) Judge Neil M. Gorsuch's authored the opinion on the issues raised by the parties and the Court in the instant case turning a "Gimlet Eye" in determining whether a federal appellate court may interfere with the district court's order dismissing claims or entering a default judgment for discovery misconduct.  Judge Gorsuch in that case where three chances had been given to the plaintiffs to comply with discovery obligations, following the dismissal of the plaintiff's case under Fed. R.  Civ. P. 37(b) noted: "three strikes or more than enough to allow the District Court to call a litigant out."  Further, in *Lee v. Max International,*

*LLC*, supra., a warning of the case being dismissed was of record.  If discovery orders were not adhered to, is to similar with the facts in the instant case.  There was no warning in *Lee*, although a warning may be determined from the factual record, and thus a warning may be constructive and not actual.  Judge Gorsuch for the Panel noted that in determining the propriety of a dismissal with prejudice that the *Ehrenhaus* factors were not a "rigid test" and that the District Court does not have to evaluate those factors or discuss them in order "so long as our independent review of the record confirms that the district court did not abuse its discretion".  (Also, *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992); *Ormond v. Anthem, Inc.*, 2011 U.S. Dist. LEXIS 56066 (S.D. Ind. 2011); *DL v. District of Columbia*, 2011 U.S. Dist. LEXIS 49788 (D.C. 2011); *Archibald v. City of Hartford*, 2011 U.S. Dist. LEXIS 49299 (D. Conn. 2011); and  *Bell v. Texaco*, 2011 U.S. Dist. LEXIS 33039 (D. Miss. 2011).

*Pioneer Inv. Services v. Brunswick Assocs.,* 507 U.S. 380 (1993) relied upon the Court on this case is not *stare decisis* for two substantive reasons in applying the *Dix factors*, akin to the *Ehrenhaus factors*: 1) the parties involved are substantially different, to-wit: *"5) that, in light of Berlin's business sophistication and has actual knowledge of the bar date, it would not be improper to penalize respondents for the neglect of their counsel";* and 2) the Ninth Circuit Court remanded the case to the District Court with instructions to conduct a due process for dire hearing which did not occur on this Record , and for which the Plaintiffs request the Court to set Plaintiffs' Motions for an evidentiary hearing and for oral argument on their Motions.

In *The Proctor & Gamble Company v. Haugen*, 427 F. 3d 727 (10th Cir. 2005): "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors, on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court where the party in advance of the dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe v. City of Enid*, 312 F.3d 1184,1187 (10th Cir. 2002) (quoting *Ehrenhaus,* 965 F.2d at 921). "This list", hereinafter referred to as the *Ehrenhaus* factors, "is not exhaustive, nor are the factors necessarily" of equal weight. *Chavez,* 402 F.3d at 1044. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." (Internal quotation marks omitted).

**III.** **As an alternative ground for the relief of granting the Plaintiffs a new trial pursuant to Rule 60(b)(3), Plaintiffs respectfully suggest that the Court upon further review determine that Defendant's in Limine Motions to Strike Plaintiff's (Docs. 53 and 96) are shown on the Record before the Court to be substantially frivolous and void of a clear showing of prejudice, and on this Record the Court may well determine that Defendant's in Limine Motions to Strike Plaintiff's (Docs. 53 and 96) were filed for the sole purpose of eliminating relevant Rule 401 Evidence which if granted would tie the hands of Plaintiffs' Experts; and because no prejudice can be realistically asserted by the Defendant is shown on the Record, the Defendant's Motions (Docs. 53 and 96) were not made in good faith and constitute a fraud upon the court sufficient to grant the Plaintiffs their day in court on the merits; that the Court as hereinafter shown may take judicial notice that the veiled claims of prejudice for late disclosure are no more than an attempt to preclude relevant evidence**

31

**pursuant to Fed. R. Evid. 401 in tying the hands of Plaintiffs' Experts for there is no sufficient showing of prejudice on this record to the Defendant for the Plaintiffs' untimely late disclosures, and that Defendant's alleging prejudice as prerequisite for the initiation of the filing of its Motions to Strike are by their very nature inherently time-consuming and burdensome, and the Court should make specific findings that Defendant has improperly by the use of these motions in limine as a matter of law committed a fraud upon the court, for which for this reason the Court has the inherent power in the interests of justice to ameliorate the harm by granting Plaintiffs a new trial on all reinstated pending proceedings then existing on or before August 3, 2016.**

### Discussion.

Plaintiffs respectfully submit that Rule 59(e) relief is merited if upon careful review of the Record the need to correct clear error or to prevent manifest injustice, and in support thereof the shown Plaintiffs, Factual Statement and the attached supporting "Affidavit of Plaintiffs' Counsel" explaining counsel's actions and his efforts to faithfully respond to the plethora of disfavored Motions strategically filed by the Defendant in its Motions to Strike in a variety of forms to prevent the Plaintiff's their rightful proofs necessary to establish a submisible products liability case against the Defendant Ford Motor Company permits the Court to revisit its determination that the Record Exhibits Plaintiffs' under the authority of *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993) to conduct a requisite due process hearing to determine finding of fact and conclusions of law as required in *Pioneer Inv. Servs. v. Brunswick Assocs.*, supra., and to topics Justice Sandra Day O'Connor aptly suggested as pertinent when a court dismisses a case with prejudice on the basis of Counsel conduct intentional and purposely contemptuous of Court or Party in willfully disregarding the scheduling rules and time

32

limitations for timely response as shown in this case of being subjected to motions disfavored by the Court for obvious reason by subjecting litigants of limited resources to a plethora of Motions to Strike/In Limine, such motions as hereinafter shown are gaining the Court's remedial attention and from which protective legislation has passed muster in the State of California to prevent its abuse on court resources and to protect litigants from abusive motion practice  reviewed in  Plaintiffs' Issue III.    Further the strategic filings of the Defendant required considerable effort and diligence, and Judge James repeatedly ruled that the Defendant was not prejudiced by the short delays that appeared during the pendency of this action.  Certainly a Motion to Strike is not favored and runs against the principles of providing the parties a proper forum to present their motions for summary judgment, and responses to strike are extremely time-consuming as this Court is well aware.  Again the Sixth Circuit determinations under *Louzon v. Ford Motor Company*, supra. where motion in limine procedure is impermissible because the due process to the litigants is denied where a party can resolve a dispositive legal issue by casting the legal issue as an evidentiary one.  The strategy of repeated motions to strike/in Limine is fast becoming disfavored amongst the Circuits and especially the Sixth Circuit.  Thus, the Court should carefully read review the Record allowing for the Defendant to essentially get 2 bites of the same apple by strategic use of this type of motion in limine practice, which in fact under Daubert and the facts of this case are clearly dispositive and a 21-day time for response rule should be uniformly applied to such instances when they occur. For example, a litigant could raise any matter in limine, as long as he included the duplicate of argument that the evidence related to the matter at issue is irrelevant.  Where,

as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered. <u>Louzon v. Ford Motor Company</u>

   As noted in *Morel v. Daimler-Chrysler Corp.,* 259 F.R.D. 17,20 (D.P.R. 2009) that another consideration is whether the prejudice for a "late" disclosure can be cured. Defendant as previously noted was provided actual notice. If the objecting party has adequate time to conduct supplemental expert discovery and pair of cross-examination prior to trial, the courts may conclude that a sanction is unwarranted.  And when the objecting party fails to request the deposition of the new expert, or fails to depose any of the previously disclosed experts, the objecting party's claim of prejudice will be unpersuasive.  [In this case it should be noted that the Plaintiffs in their "Certificate of Compliance" of March 3, 2015, Exhibit- "B" in accordance with the scheduling order and as early as 3 weeks after they had filed their Complaint in September of 2014 they designated [disclosed?] the Decedent Plaintiff's treating physicians and her autopsy report of cause of death which Plaintiffs' Counsel provided Defendant's Counsel of Record with medical authorizations to obtain all of the Decedent Plaintiff's medical records of for which she had been treated as a result of the automobile accident of December 28, 2012 , and her death on December 30, 2012.  Client and Plaintiff wishes here to provide a rhetorical question to the Court--- "How is it possible that you can undisclose what has previously been disclosed by filing a late discovery disclosure again disclosing that fact?"  Plaintiffs respectfully request the court to take judicial notice that there can be no prejudice to the defendant as a litigant in this wrongful death action for product liability of Defendant's product as to the items: (1) Decedent's medical records

of her medical providers and their names for the purpose of determining whether or not the defendant wish to take their depositions in the case; (2) a Deposition Exhibit (See Exhibit- "H" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Parcells' Deposition Exhibit 16- Medical Records of Dr. West re: driver Ms. Emma Edwards (bruising pattern/seatbelt sign)" pertaining to the medical records of the driver the vehicle in which the Decedent Plaintiff was a passenger indicating that the bruising pattern to the driver's chest was consistent with evidence that a seatbelt had been worn due to the bruising pattern on her chest and this fact was significant to plaintiff's expert in rendering his report an opinion that plaintiff's bruising pattern was a fact which he determined relevant to determine that the air bag rather than her seatbelt was the precipitating force that caused the decedent plaintiff's injuries and her resultant death; and 3.  Ram Krishnaswami's Exhibit No. 4 (Docs. 157 and 158) made a part of his Expert Report of September 25, 2015; and of importance and materially relied upon by Plaintiff's engineering expert, Mr. David McLellan.  Because these the topics were alleged by the Defendant in their Motions to Strike as being undisclosed and not actually provided to them there use of the motion to strike to allege prejudice for late disclosure which is required to bring the motion was fraudulent and that they had actual notice as shown above and the Court should provide the Plaintiffs remedial relief for the confusion and resultant efforts necessary for their Counsel to withstand these attempts to tie their expert's hands by removing material evidence for which they as experts must have needed to rely upon to support their opinions constitutes fraud on the Court. (See Exhibit- "D" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - (Doc. 53,

Page 3 of 4) Defendant's "Motion to Strike Supplemental Attachments to Plaintiffs' Expert Mr. David McLellan's Report".

Motion for New Trial under Fed. R. Civ. P. Rule 60(b)(3) on the issue of Fraud on the Court for relief from the judgment or order has been raised by the Plaintiffs for such misrepresentation of the Record and imposition on the Court to a disfavored motion as above noted and accordingly Plaintiffs request the Court to consider the efficacy of providing them remedial relief.

Plaintiffs request that the Court adopt on the Record shown, the recent Tenth Circuit Decision of *United States v. Williams*, 790 F. 3d 1059 (10th Cir. 2015) as authority for the Court to exercise on this Record its inherent equitable power which includes the power to grant the Plaintiffs the right to file their Response to the Defendant's Motions to Strike Out of Time (Doc.96); and for the Court to determine  the three issues raised above noted and incident to Defendant's Motions to Strike and Plaintiffs' Response (Doc. 103) on the merits for the purpose of correcting a condition which Plaintiffs allege constitutes a fraud upon the court.

As stated in *Williams*, *supra,* these inherent powers are necessary for the Court to control and direct the conduct of litigation and may be exercised without any express authorization in the constitution, statute or written rule of the court to prevent a miscarriage of justice.  See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991).

*Williams, supra*, at Page1075 notes:

"Courts have historically enjoyed the inherent authority to correct judgments obtained by the commission of fraud on the court, regardless of

ordinary procedural bars like statutes of limitations or time limits imposed on motions to set aside judgments for fraud.  See *Hazel-Atlas,* 322 U.S. at 244-46 (acknowledging an exception to the general prohibition against altering a judgment after the expiration of the court term if the judgment was the result of a fraud on the court.) …*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281,1290-91 (10th Cir.2005) (explaining that procedural limitations on Rule 60(b) motions, do not apply to fraud on the court allegations.); …*Zurich N. Am, v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290-91 (10th Cir. 2005)…This is because 'a decision produced by fraud on the court is not in essence a decision at all, and it never becomes final.' *Kenner v. Comm'r*, 387 F. 2d 689, 691 (7th Cir. 1968).

The courts' interest in correcting a fraud on the court stems from 'far more than an injury to a single litigant.' *Hazel-Atlas*, 322 U.S. at 246.  Instead, our primary objective, when correcting a fraud on the court is to redress harm to 'the integrity of the judicial process.' *United States v. Estate of Stone Hill*, (internal quotation marks omitted).  Although a court may vacate its own judgment and proof that a fraud has been perpetrated on the court, it may also fashion appropriate sanctions sort of disturbing an otherwise valid judgment. *Chambers*, 501 U.S. at 44."

**IV.    As an alternative ground for relief  for Reconsideration pursuant to Rule 59(e), Judge James' Orders of September 3, 2015 (Doc. 73) denying Defendant Ford Motor Company's Motion to Strike the Supplemental Attachments of Plaintiffs' Expert Report; and Judge James Orders of March 23, 2016 (Doc.134) and April 1, 2016 (Doc. 143) should be considered on all issues as res judicata on all matters pertaining to discovery disputes by and between the parties; and Plaintiffs respectfully show that the Record supports a finding by the Court and they and their Counsel have fully and dutifully complied with all of the Court's remedial orders (Docs. 92 and 161); that the Court may determine that by carefully reviewing the extensive record and responding in good faith to Defendant's claim of prejudice due to late disclosure, of Plaintiffs restaging their October 20, 2015 demonstration of product failure on May 11, 2016; and their full cooperation in the taking of the Deposition of Dr. Bradley Woods and further making their Counsel's schedule fully open to fully cooperate for the taking of other health care provider depositions which Defendant either abandoned, or elected not to take, such testimony believed favorable to the Plaintiffs' claims that the pattern of injury claim against Ford  of airbag verses seatbelt in causing Decedent's Plaintiff Betty McDermed's injuries and her resultant death.**

**Discussion.**

U.S. Magistrate Judge Teresa James Order and ruling on the Defendant's Motion to Strike Plaintiffs' Supplemental Disclosures 0n March 23, 2016 (Doc.134) clearly should be given strong weight and consideration and is believed res judicata on the issue of counsel misconduct under the elastic rule of excusable neglect and the case relied upon by the Court in *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380 (1993), *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380 (1993),  is in reality upon review of the affidavits, a mirror of why the court, upon hearing the evidence stated in Plaintiffs Motion for Consideration and New Trial, by Affidavit or at hearing of counsel's submission on councils conduct during the course of this litigation in response to the plethora of defendant's motions to strike evidentiary material to exclude it's being determined as relevant on the issues of product liability and damages should be upon reflection and consideration determinative upon a finding that excusable neglect exists in this record , as shown, other than through assertion of intentional misconduct or neglect to result in the harsh dismissal of the case and refusal to hear the evidence submitted pursuant to the Motions for Summary Judgment, and Plaintiffs' strenuous effort to timely file their Response (Doc. 103) thereto and the time of its actual filing at 3:10 a.m. on February 2, 2016 may militate against a finding of "deliberate indifference"; and of further note is Plaintiff's Counsel's Affidavit and his attached phone logs also for this purpose.  (See Exhibit- "K" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - Counsel Affidavit of Plaintiffs' Counsel Eric Kjorlie with attachments dated August 30, 2016.)"; (See Exhibit- "I" Re: Plaintiffs' Rule 59/60 Motions to Vacate and

Set Aside Judgment -  Plaintiffs' Exhibit Response/Second "Motion to Strike" (Doc. 103, page 3 of 4); (See Exhibit- "A" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment -  June 26th, 2015 Plaintiffs' Certificate of Compliance  (Doc.44)); (See Exhibit- "B" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - March 2nd, 2015 Plaintiffs' Certificate of Compliance (Doc. 28)"; (See Exhibit- "C" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment -  June 11th, 2015 Plaintiffs' Supplemental Certificate of Compliance. (Doc. 39); (See Exhibit- "C" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment -  June 11th, 2015 Plaintiffs' Certificate of Compliance. (Doc. 40); and (See Exhibit- "C" Re: Plaintiffs' Rule 59/60 Motions to Vacate and Set Aside Judgment - May 11th, 2016 Plaintiffs' Certificate of Compliance. (Doc. 161)).

## Conclusion

**WHEREFORE,** the Plaintiffs respectfully request this Court to enter Order(s) consistent with the Plaintiffs' relief sought, in whole or part in granting them substantial relief for the reasons and authority; and to provide them the opportunity to address the Court at hearing and to provide oral argument for the purpose of assisting the Court and for an evidentiary hearing.

Respectfully submitted,


s/Eric Kjorlie_____
ERIC KJORLIE, #08065
Historic Tinkham Veale Place
827 SW Topeka Blvd.
Topeka, Kansas 66612-1608
785.232.6868 (O) 785.232.6586 (F)
Email: kjorlielaw@sbcglobal.net
Attorney for the Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2016, I electronically transmitted the attached document "Plaintiffs' Motion to Reconsider, Alter, and Amend/New Trial" with attached "Exhibit "A" representing their Counsel's Affidavit to the Clerk of Court by using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Seven E. Ward
Sherry Rozell
Ben Upp
Turner, Reid, Duncan, Loomer
1355 East Bradford Parkway
Suite A, Springfield, MO  65804
P.O. Box 4043
Springfield, MO  65808-4043


s/Eric Kjorlie_____
ERIC KJORLIE, #08065