**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ESTATE OF BETTY LOU McDERMED, )
Deceased, by and through DIANE L. )
McDERMED, ADMINISTRATOR, as )
her representative, and PAUL C. )
McDERMED AND GEORGIA LEE )
IOCCO, Individually, )
 )
      Plaintiffs, )
 )
v. ) Case No. 14-2430-CM
 )
FORD MOTOR COMPANY, )
a Delaware Corporation, )
 )
      Defendant. )
 )

## MEMORANDUM AND ORDER

This case arose from a vehicle collision that occurred in 2012 in Topeka, Kansas between Emma Edwards, who was driving a 1999 Ford Contour, and Mykol Barksdale, who was driving a 1993 Toyota Camry. Decedent Betty McDermed was in the front passenger seat of Edward's Ford Contour. Plaintiffs brought a product liability claim against Ford Motor Company, alleging strict liability based on an alleged design defect and failure to warn. As discussed in the background below, the court ultimately granted defendant's motion for summary judgment. This matter is now before the court on plaintiffs' motions to: (1) reconsider, alter, amend, or relieve plaintiffs from the court's orders (Docs. 169; 170) and entry of judgment (Doc. 172) under D. Kan. Rule 7.3 and Federal Rules of Civil Procedure 59(e) and 60(b); and (2) grant a new trial under D. Kan. Rule 7.3 and Federal Rule of Civil Procedure 59(a)(1)(A) (collectively, the "motions for reconsideration"). (*See* Docs. 175; 175-1.) For the reasons stated below, the court denies plaintiffs' motions for reconsideration.

**I.    Background**

The majority of the background relevant to plaintiffs' motions for reconsideration was summarized in the court's memorandum and order filed on August 3, 2016. (*See* Doc. 169.)

> Defendant filed its Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 101) and Motion to Exclude the Expert Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 102) (collectively, "defendant's motions to exclude plaintiffs' experts" [or "defendant's *Daubert* motions"]) on February 1, 2016. Under D. Kan. Rule 6.1(d)(1), plaintiffs' responses to defendant's motions to exclude plaintiffs' experts were due on February 15, 2016. On February 18, 2016, three days after plaintiffs' response deadline had passed, plaintiffs filed Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells (Doc. 111) and Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude Testimony of Plaintiffs' Expert Witness Mr. David McLellan (Doc. 112) (collectively, plaintiffs' "motions for leave to file responses to defendant's *Daubert* motions out of time").
>
> Both motions for leave to file responses to defendant's *Daubert* motions out of time explained that plaintiffs' counsel filed the request after the response deadline passed because plaintiffs' counsel miscalculated the response deadlines by mistakenly applying the version of Fed. R. Civ. P. 6(d) that was effective in 2005. (*See* Doc. 111 at 1; Doc. 112 at 1.) Both motions for leave to file responses to defendant's *Daubert* motions out of time also requested extensions of the respective response deadlines up to March 14, 2016 because plaintiffs' counsel needed more time to review recently provided discovery that plaintiffs' counsel believed was pertinent to plaintiffs' claims. (Doc. 111 at 2; Doc. 112 at 2.) In Plaintiffs' Motion for Leave for Additional Time to Respond to Defendant Ford's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Mr. Shawn Parcells, plaintiffs also stated that plaintiffs' expert Mr. Parcells had been unable to review the discovery until that point because he was recovering from complications from surgery. (Doc. 111 at 2.)
>
> Defendant oppose[d] plaintiffs' motions and ask[ed] the court to grant defendant's underlying motions as unopposed because of plaintiffs' failure to show excusable neglect in missing the deadline, particularly in light of plaintiffs' repeated failure to request extensions until after the deadlines passed and other late filings in this case and others. Plaintiffs did not file replies to defendant's responses. Plaintiffs ultimately filed their responses to defendant's motions to exclude plaintiffs' experts on March 14, 2016. (*See* Docs. [127,] 130 [].) Defendant substantively replied to the motions. (*See* Docs. 145, 147.)

(Doc. 169, at 2–3.)

On August 3, 2016, the court denied plaintiffs' motions for leave to file responses to defendant's *Daubert* motions out of time. (*Id.* at 9–10.) Under D. Kan. Rule 6.1(a), "[p]arties must file [a motion for an extension of time] before the specified time expires. Absent a showing of

-2-

excusable neglect, the court will not grant extensions requested after the specified time expires." D. Kan. Rule 6.1(a). The court acknowledged its preference "to rule on the merits of motions before it." (Doc. 169, at 9.) However, after weighing the four factors relevant to an excusable neglect analysis[1]—most importantly the reason for the delay—the court found that plaintiffs failed to show that their counsel's neglect in filing their motions to file out of time was excusable. (Doc. 169, at 6–9.) As a result, the court denied plaintiffs' motions for leave to file responses to defendant's *Daubert* motions out of time. (*Id.* at 9–10.)

The court then explained that under D. Kan. Rule 7.4(b),

[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.

(*Id.* at 11 (quoting D. Kan. R. 7.4(b)).) Because plaintiffs failed to file responsive briefs or memorandums within the D. Kan. Rule 6.1(d) time requirements, the court considered defendant's *Daubert* motions to exclude plaintiffs' experts as unopposed and granted the motions. (*Id.*)

On the same day, the court granted defendant's motion for summary judgment. (Doc. 170, at 7.) The court held that "[i]n light of the court's [exclusion of] plaintiffs' experts, plaintiffs' strict liability claims fail[ed] as a matter of law because plaintiff [could not] provide admissible evidence regarding the alleged defect or dangerous conditions and whether those alleged defects or dangerous conditions caused the decedent's injuries or death." (*Id.* at 5.) On August 31, 2016, plaintiffs filed their motions for reconsideration.

---

[1] In determining whether neglect is excusable, courts consider "all relevant circumstances surrounding the party's omission," including these factors: "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).

**II.     Legal Standards & Discussion**

D. Kan. Rule 7.3 and Federal Rules of Civil Procedure 59(e) and 60(b) govern plaintiffs' motions for reconsideration.  D. Kan. Rule 7.3 allows a party to file a motion asking a judge to reconsider his or her prior order or decision.  "Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  "Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time."  D. Kan. Rule 7.3(b).  Whether to grant a motion for reconsideration is within the court's discretion.

  **A.     Federal Rule of Civil Procedure 59(e) and D. Kan. Rule 7.3(b)**

    **1.     Legal Standard**

Despite being governed by different rules, the grounds justifying an alteration or amendment of a judgment under Rule 59(e) and the reconsideration of a non-dispositive order under D. Kan. Rule 7.3(b) are essentially the same: (1) an intervening change in law; (2) new evidence that was previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); D. Kan. Rule 7.3(b) (listing reconsideration factors); *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005) (observing that the Rule 59(e) factors and D. Kan. Rule 7.3(b) factors are essentially the same).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiffs argue reconsideration is necessary to correct clear error or prevent manifest injustice.  (Doc. 175-1, at 1–2.)  The Tenth Circuit defines "clear error" as "an arbitrary, capricious, whimsical,

or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (citation omitted). The Tenth Circuit has not precisely defined "manifest injustice" within the meaning of Rule 59(e), but courts in this district describe it as "direct, obvious, and observable error." *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017) (quoting *Tri-State Truck Ins. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011); *see also Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, 2010 WL 2802649, at *3 (D. Colo. July 15, 2010). A plaintiff seeking reconsideration to prevent manifest injustice can only prevail if he or she can demonstrate the injustice is "indisputable." *Tri-State Truck Ins.*, 2011 WL 4691933, at *3 (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)).

### 2. Discussion

Plaintiffs argue that the court committed clear error when it characterized defendant's *Daubert* motions as non-dispositive and denied plaintiffs' motions for leave to file responses to defendant's *Daubert* motions out of time. (Doc. 175-1, at 1–2.) Specifically, plaintiffs argue that defendant's *Daubert* motions were actually "dispositive motions," and therefore, plaintiffs should have had 21 days to respond under D. Kan. Rule 6.1(d), not the 14 days allowed for responses to non-dispositive motions. (*Id.*) They also argue that the court's order granting summary judgment was "interdependent and connected" with the orders excluding plaintiffs' experts and the entry of summary judgment against plaintiffs should be vacated and set aside. (Doc. 175, at 2.)

Plaintiffs impermissibly argue for the first time in their motions for reconsideration that defendant's *Daubert* motions were actually dispositive motions. Initially, plaintiffs' counsel acknowledged that he had missed the 14-day response deadline for non-dispositive motions. (*See* Doc. 111, at 1.) He explained that the motions for leave to file responses to defendant's *Daubert* motions

-5-

out of time were untimely due his "misapplication of the timing rules . . . ." (*Id.*) Now, plaintiffs' counsel argues that the motions for leave to file out of time were in fact timely under the 21-day time period for responses to dispositive motions. (Doc. 175-1, at 1–2.)

A Rule 59(e) motion, however, "cannot be used to expand a judgment to encompass new issues which could have been raised prior to the issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quoting *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993)). Even if plaintiffs had previously argued that defendant's *Daubert* motions were dispositive, it would not have been clear error for the court to hold these motions were non-dispositive. Under D. Kan. R. 6.1(d),

> [u]nless the court orders otherwise, the following time periods apply to the filing of responses and replies. . . .
>
> (1) *Non-dispositive motions*. Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days.

D. Kan. Rule 6.1(d). D. Kan. Rule 6.1(d)(1) clearly defines dispositive and non-dispositive motions, and based on the plain language of the rule, defendant's *Daubert* motions were non-dispositive motions. Therefore, even if plaintiffs had initially argued that defendant's *Daubert* motions were dispositive, it would not have been clear error for the court to apply the 14-day non-dispositive time period. Similarly, plaintiffs' motion for reconsideration to prevent manifest injustice would fail as plaintiffs have not demonstrated a "direct, obvious, and observable error" such that injustice is "indisputable." *See Hadley*, 2017 WL 748129, at *2 (citations omitted).

For these reasons, plaintiffs' Rule 59(e) and D. Kan. Rule 7.3(b) motions for reconsideration of the court's orders denying plaintiffs' motions for leave to file responses to defendant's *Daubert* motions out of time and granting defendant's *Daubert* motions (Doc. 169)

are denied. Plaintiffs present no additional arguments specific to the court's order granting summary judgment in favor of defendant (Doc. 170). Therefore, plaintiffs' Rule 59(e) and D. Kan. Rule 7.3(b) motions for reconsideration of the court's order granting defendant's motion for summary judgment (Doc. 170) and the court's entry of judgment in favor of defendant (Doc. 172) are also denied.

### B. Federal Rule of Civil Procedure 60(b)

#### 1. Legal Standard

Rule 60(b) outlines various grounds on which the court may relieve a party from a final judgment. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (citation omitted). Similar to Rule 59(e), "a Rule 60(b) motion is not an appropriate vehicle to advance new arguments . . . that were available but not raised at the time of the original argument" or revisit issues already addressed. *Id.* Here, plaintiffs seek relief under Rule 60(b)(3) for fraud on the court and Rule 60(b)(6) for any other reason that justifies relief. (*See* Docs. 175, at 3; 175-1, at 8–10.)

Rule 60(b)(3) permits the court to relieve a party from final judgment due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Consistent with the plain language of the rule, claims of fraud between the parties are typically brought under Rule 60(b)(3), "while claims of fraud on the court are brought as an independent action which is recognized" under Rule 60(d)(3). *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005). "However, courts have allowed parties to file a claim for fraud on the court under subsection (b)(3)." *Id.*

"Fraud on the court . . . is fraud which is directed to the judicial machinery itself . . . ." *Id.* (quoting *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)). Fraud on the court requires

"proof of intent to deceive or defraud the court, through a deliberate scheme . . . ." *Id.* at 1290 (quoting *Buck*, 281 F.3d at 1342.).

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* at 1291 (quoting *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996)).

Rule 60(b)(6) permits the court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Zurich N. Am.*, 426 F.3d at 1293 (quoting *Yapp v. Excel Corp.* 186 F.3d 1222, 1232 (10th Cir. 1999)). Motions for relief under clause (b)(6) are "restricted to reasons other than those enumerated in" the other five clauses of Rule 60(b). *Id.* "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial." *Id.*

### 2. Discussion

Plaintiffs' motions for reconsideration under Rule 60(b) fail to identify sufficient grounds for relief. Plaintiffs seem to present two arguments for why Rule 60(b) relief should be granted. First, plaintiffs invoke Rule 60(b) in conjunction with their Rule 59(e) argument that reconsideration is necessary to correct clear error or prevent manifest injustice due to the alleged mischaracterization of defendant's *Daubert* motions as non-dispositive by defendant and the court. (Doc. 175-1, at 2.) Plaintiffs do not specify if they seek relief under Rule 60(b)(3) or (6) on this basis. (*Id.*) Second, plaintiffs argue as an alternative ground for Rule 60(b)(3) relief that defendant committed fraud on the court by filing a motion to strike plaintiffs' supplemental attachments to an expert witness report as untimely and a motion to strike plaintiffs' supplemental Rule 26 disclosures as untimely and highly

prejudicial to defendant. (*See* Doc. 175-1, at 31.) Plaintiffs argue that these motions to strike constitute fraud on the court because the motions were "substantially frivolous and void of a clear showing of prejudice" and "were not made in good faith." (*Id.*)

This argument is insufficient. First, "[a]rguments that the court misapplied the law or misunderstood the movant's position are properly brought under Rule 59(e) but cannot be the basis for relief under Rule 60(b)." *In re Ebel*, No. 96-1190, 1997 WL 428574, at *6 (10th Cir. July 30, 1997). Therefore, plaintiffs' argument that the court committed clear error when it characterized defendant's *Daubert* motions as non-dispositive cannot form the basis of a Rule 60(b) motion. Second, allegedly filing frivolous motions to strike does not rise to the level of conduct that constitutes fraud on the court. Finally, plaintiffs do not present any new argument for why Rule 60(b)(6) relief should be granted, but rather generally invoke both Rule 60(b)(3) and (6) in their motions for reconsideration. (*See* Doc. 175, at 3.) Therefore, plaintiffs fail to present any basis for Rule 60(b)(6) relief, and plaintiffs' Rule 60(b) motions for reconsideration of the court's orders (Docs. 169; 170) and entry of judgment (Doc. 172) are denied.

### C. Plaintiffs' Other Arguments

In plaintiffs' motions for reconsideration they also ask the court for relief on several additional bases. As discussed below, the alternative bases for relief are either not applicable or inadequate to support a motion for reconsideration.

#### 1. Rule 59(a)(1)(A)

Plaintiffs ask the court to grant a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A). (Doc. 175, at 1.) Rule 59(a)(1)(A) allows the court, on a party's motion, to grant a new trial after a jury trial. Here, there was no jury trial, so Rule 59(a)(1)(A) is not applicable.

#### 2. Inherent Equitable Power of the Court

Plaintiffs also ask that if the court determines that defendant's *Daubert* motions were non-dispositive and plaintiffs' counsel failed to show excusable neglect when failing to file responses within the required 14-day time period, that the court exercise its "inherent equitable power" and reconsider its "sanction . . . of dismissing [plaintiffs'] case with prejudice." (Doc. 175-1, at 26.) Specifically, plaintiffs ask the court to "conduct an Ehrenhaus-type hearing for the [c]ourt to reassess its sanction of dismissal . . . ." (*Id.* at 27.) The *Ehrenhaus* factors are a "non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider" when determining "whether to exercise its discretion to issue a dismissal sanction." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

The court notes that several of the *Ehrenhaus* factors were considered in the court's excusable neglect analysis. (*See* Doc. 169, at 6– 9.) The *Ehrenhaus* factors include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations omitted). But the court did not dismiss plaintiffs' case as a sanction for plaintiffs' counsel's repeated failure to meet deadlines. Rather, the court granted defendant's motion for summary judgment based on the application of the procedural rules governing civil procedure in federal court. Because the court did not dismiss plaintiffs' case as a sanction, the *Ehrenhaus* factors are not applicable. Even if the court had dismissed plaintiffs' case as a sanction, it would have been within the court's discretion to do so.

### 3. Res Judicata/Claim Preclusion

Finally, plaintiffs argue as an alternative ground for relief under Rule 59(e) that Magistrate Judge James's orders (1) denying defendant's motion to strike the untimely supplemental attachments to plaintiffs' expert witness report (Doc. 73); (2) denying two of defendant's motions to strike two of

plaintiffs' responses as untimely (Doc. 134); and (3) granting in part and denying in part defendant's motion to strike plaintiffs' untimely supplemental Rule 26 disclosures (Doc. 143) should "be considered on all issues as res judicata on all matters pertaining to discovery disputes between the parties . . . ." (Doc. 175-1, at 37.)

Res judicata, or claim preclusion, is not a ground for relief under Rule 59(e). Further, res judicata does not apply in this situation. Regardless of how Magistrate Judge James ruled on previous untimely filings by plaintiffs, the court conducts a new excusable neglect analysis each time a party fails to meet a deadline and asks the court to accept a late filing. The fact that the court previously allowed late filings has no impact on the court's excusable neglect analysis other than to demonstrate plaintiffs' counsel's pattern of missing deadlines.

**IT IS THEREFORE ORDERED** that plaintiffs' motions (Doc. 175) to: (1) reconsider, alter, amend, or relieve plaintiffs from the court's orders (Docs. 169; 170) and entry of judgment (Doc. 172) under D. Kan. Rule 7.3 and Federal Rules of Civil Procedure 59(e) and 60(b); and (2) grant a new trial under D. Kan. Rule 7.3 and Federal Rule of Civil Procedure 59(a)(1)(A) are denied.

Dated this 26th day of April, 2017, at Kansas City, Kansas.

                                               s/ Carlos Murguia
                                               **CARLOS MURGUIA**
                                               **United States District Judge**